**C. F. WHEELER COMPANY, et al., v. CORRINNE McDANIEL PULLINS, etc.**

11 So. (2nd) 303                                                        June Term, 1942
December 18, 1942                                                    Division B
Rehearing Denied February 1, 1943

*McKay, Dixon & DeJarnette,* for appellants.

*J. Tom Watson,* Attorney General, and *Lewis W. Petteway,* Assistant Attorney General, and *Walter E. Rountree,* for appellees.

THOMAS, J.:

The facts in this litigation to which we are to apply the principles and provisions of the Florida Workmen's Compensation Act (Chapter 440, Florida Statutes, 1941) are simple. About three months after Clephours Pullins died from injuries received in the course of his employment, the woman with whom he had been living continuously for nine months gave birth to a child. Although the mother and Pullins had been married he had not been divorced from a former wife. The lone question is the right of the posthumous illegitimate child to compensation.

It is provided in the law, Section 2, paragraph (12), now Section 440.02, paragraph 13, Florida Statutes, 1941, that a " 'Child' [who may receive benefits under it] shall include a posthumous child . . . or acknowledged illegitimate child dependent upon the deceased. . . ."

Parenthetically, it is our view that the acts of the deceased workman immediately prior to the accident may be construed as an acknowledgment of his parentage of the child for, it will be recalled, he lived with the mother continuously for many months and doubtless he knew that she was enceinte. It is contrary to human experience for a man to continue his cohabitation with a woman as her husband if he entertains doubt that he is the father of the child she is bearing. Having the conviction that there was an acknowledgment by the workman of the paternity of the unborn child, and no point having been made by the appellants of the lack of proof of the dependence, we will omit any further discussion of these qualifications and confine our observations to the simple question which we stated at the outset.

The supreme court of North Carolina had occasion to decide whether a posthumous illegitimate child was entitled to compensation under provisions identical with those we have quoted. It was held that the relationship between father and child was not affected by the birth of the latter after the death of the former and that the "relationship . . . imposes upon the father the duty to support the child, and confers upon the child the right to support by its father." Lippard, et al., v. Southeastern Express Co., 207 N. C. 507, 177 S. E. 801. We consider this a logical interpretation and believe that the Legislature did not, by the use of the disjunctive "or," refer to posthumous children in contradistinction to illegitimate offspring born during the parent's life.

Appellants insist that the quoted section considered with another portion of the law [Section 16, paragraph (g), now Section 440.16, paragprah (7), Florida Statutes, 1941] providing that "Relationship to the deceased giving right to compensation . . . must have existed at the time of the accident, save only in the case of after-born children of a marriage existing at such time" precluded recovery in the instant case.

We have the view that at the time of the injury and death there was a relationship between the deceased and his unborn child and that this status was not affected by the latter rule implying, because of the exception, that none exists between parents and unborn children.

Any ambiguity in the two sections of the law is doubtless traceable to the fact that one was amended while the other retains its original phraseology. Such disharmony should not redound to the disadvantage of the child claimant for at least two reasons: The first one is that the Workmen's Compensation Act should receive a liberal construction, Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495; the second is that if we were to hold that the sections neutralized each other because of the apparent conflict it would, in circumstances like the present ones, defeat the very purpose of the act.

Obviously its design was to provide for injured workmen and, in the event of their death from injuries received in their employment, their dependents, that the burden might not

fall upon society but upon the industry served. Portin v. Portin, 149 Tenn. 530, 261 S. W. 362. A holding that an illegitimate child in being might be dependent upon the deceased, but that an unborn illegitimate child could not be, is unjustified when the principles of the legislation are borne in mind. It would require unwarranted strictness of construction to reach the conclusion that an illegitimate *or* posthumous child could prevail but that one illegitimate *and* posthumous could not.

As has been said by the supreme court of North Carolina, Lippard, et al., v. Southeastern Express Co., supra, the social or legal status of the child is of no consequence.

When, on the contrary, liberality is adopted as a guide for the interpretation of the two pertinent provisions in the light of the purposes to be accomplished by this legislation, we must adopt a different viewpoint. We are constrained to hold, bearing in mind always the end sought to be accomplished by the law, that there can be no reason in it for a distinction between legitimate and illegitimate posthumous children on the basis of dependency or on the basis of relationship to the deceased. It seems to us that they are entitled to the same consideration.

We therefore hold that the award of the deputy commissioner of the Florida Industrial Commission, which was affirmed by the full commission and the Judges of the Circuit Court of Dade County on appeal, be approved.

Affirmed.

BROWN, C. J., TERRELL, and CHAPMAN, JJ., concur.