META M. JOHNSON, individually and as next friend and natural guardian of FRANCES ANNE MITCHELL, a minor, v. MIDLAND CONSTRUCTORS, INC., a corporation, NEW AMSTERDAM CASUALTY COMPANY, a corporation, and THE FLORIDA INDUSTRIAL COMMISSION.

11 So. (2nd) 895           January Term, 1943
January 19, 1943           En Banc
Rehearing Denied March 2, 1943

*Miller & Fitzsimmons,* for appellants.

*McCarthy, Bond & Lane* and *William B. Bond,* for appellees.

TERRELL, J.:

Meta M. Mitchell and Walter J. Johnson were married in Delaware in November, 1937. Frances Anne Mitchell, the second appellant was the minor daughter of Meta M. Mitchell by a former marriage. Walter J. Johnson deserted his wife in July 1938, and was instantly killed in December, 1940, while in the employee of appellee. The appellants filed their claim for benefits under Workman's Compensation Act. The parents of the deceased also filed a claim which is being held in abeyance pending the claim of the widow and stepchild. The deputy commissioner denied the claim of the widow and step child and his order was affirmed by the circuit court. This appeal is from that order.

The question for determination is whether or not the widow and stepchild of the deceased or either of them is entitled to compensation under the Workmen's Compensation Act. It is admitted that Johnson's death was compensable.

The deceased and appellant had not lived together since his desertion in December, 1938; Mrs. Johnson preferred charges against her husband for non support and secured a judgment requiring him to pay her $25 bi-weekly; he paid $125 on this judgment, the last payment having been made in February, 1939. Mrs. Johnson instituted divorce proceedings against her husband in October, 1940, and did not claim alimony or support money for the child. The divorce proceeding was dismissed after the death of the husband and Mrs. Johnson secured employment which paid her eighteen or twenty dollars per week.

Relying on these circumstances and the decision of this Court in Panama City Stevedoring Company, Inc., et al., v. Padgett, 149 Fla. 687, 6 So. (2nd) 822, appellees contend that the judgment below should be affirmed. They say that appellants were not dependents as defined in the last cited case and are therefore not entitled to recover under Workmn's Compensation. This was the theory under which the department denied compensation.

In the cited case we were confronted with the obligation of the child to support the parent and we held that there was no moral or statutory obligation to do so but that if the parent was physically or mentally incompetent and that actual and substantial support had been regularly given, then the claim based on dependency would be upheld. Dependency was in other words the concluding criterion.

In the case at bar, we are confronted with the obligation of the husband to support the wife and stepchild. As to the wife, both law and morals require the husband to support her if she is living with him at his death or apart from him for justifiable cause. It is shown that Johnson voluntarily deserted his wife; they were not divorced at the time of his death and he was not contributing to her support. We do not think that the fact that she was working for a modest compensation affected her status under the Workmen's Compen-

sation Act. In the case last cited, we said that dependency was a question of fact but as to the wife it does not enter into the picture because the very terms of the act render the husband liable for her support so the case relied on is not in point and dependency is not the governing criterion.

As to the minor step child, it appears that the law Section 2(12) Workmen's Compensation Act, Section 440.02(13) Florida Statutes, 1941, places the step child in the same category as the natural child and as with the wife makes the husband responsible for its support. The law in other words determines the question without reference to dependency.

The minor step child in this case became a part of the deceased's household when he married her mother. She was subject to his discipline, was dependent on him for support and was due him obedience, and respect as if it were a natural child. When these elements are present, the status of the step child under Workmen's Compensation is no different from that of the natural child.

Appellee contends that the law places the natural child and the step child in a different category but we find no support for this contention. When the step father assumes responsibility for the support of the wife's minor children, they are in no different status from natural children. The decisions are to like effect. Log Mountain Coal Company v. Polly Head, 219 Ky. 799, 294 S. W. 470, 53 A.L.R. 216.

It follows that the decree appealed from must be and is hereby reversed.

Reversed.

BUFORD, C. J., CHAPMAN, THOMAS and ADAMS, JJ., concur.

BROWN, J., dissents.

SEBRING, J., not participating.

BROWN, J., dissenting:
See Section 440.02, paragraphs 11 and 15. It seems that the act contemplates *actual dependents*. The widow, living apart from the husband "for justifiable cause" is only entitled to compensation for his injury or death where she "is dependent for support upon him."