LATE L. BUTLER, and GLENS FALLS INDEMNITY COMPANY, a Corporation v. SALLIE E. MORGAN, for and on behalf of RAYMOND O. HARRIS, JR., and WILBURN HOWARD HARRIS, her grandchildren, and minor children of RAYMOND O. HARRIS, deceased; MRS. ESTELLE GRIMES, and THE FLORIDA INDUSTRIAL COMMISSION.

24 So. (2nd) 571               January Term, 1946
January 29, 1946                      Division A

*Carver & Langston* and *Wendell C. Heaton,* for appellants.
*Thos. E. Walker* and *Raymond E. Barnes,* for appellees.

ADAMS, J.:

Raymond O. Harris met his death by accident in the State of Virginia and a claim for compensation was filed against his employer in behalf of his two minor children. Harris and the children's mother were divorced. Each had remarried. The deputy commissioner found:

"I find from the testimony that the two (2) minor children were living with their grandmother at the time of the accident; that the children's mother had remarried after a divorce

from the deceased and was living with her second husband in Bay County, Florida. After Harris and the children's mother separated, he contributed small amounts to their support some of which came as a result of the pressure brought to bear by the State's Attorney, presumably because the children were legally entitled to support from their father. These children were never accepted into the home of the second husband, Horace Bennett, nor is there any evidence that Mr. Bennett assumed the direction and control of the two (2) children thereby being bound for their support as their step-father. While the children did stay in the home of Bennett and their mother for some time after their marriage, for the past two (2) years or more the children have been supported by their grandmother and their aunt, Mrs. Bertha Bess, and Bennett has made no effort to contribute nor has he contributed in any substantial amount or at any regular intervals to the children's support. They have only visited their mother and Bennett at intervals for short periods of time. Their support has been derived as a result of the love and devotion of their grandmother, Mrs. Sallie Morgan, a kind and fine old lady who has gladly and willingly assumed the responsibility of the raising and support of the children, which their father, the deceased Raymond O. Harris, so lightly considered and so promptly abandoned after his divorce from their mother. The law imposes the responsibility on the father and renders the children his dependents without regard to whether he has ever seen fit to buy them even a pair of shoes. We are fortunate that these children can profit by the terms of the Workmen's Compensation Act. Therefore, after due consideration, I find that Raymond O. Harris, Jr., and Wilburn Howard Harris were dependent upon the deceased at the time of his death and are entitled to benefit under the Workmen's Compensation Act.

"The carrier under Section 440.09, Florida Statutes 1941, contends that the deceased did not meet his death in the course of his employment and the contract of employment specifically provided for services exclusively outside of the State of Florida. They seem further to contend that their policy was written for coverage only on work to be done ex-

clusively outside Florida. The policy itself has never been produced and the daily report sheet introduced in evidence as the carrier's exhibit certainly does not limit the liability as contended by the carrier.

"The evidence establishes that the employer maintained a home at Lakeland, Florida, considering same his residence. He has been in the trucking business and at the time the deceased was killed was using about nine (9) trucks and drivers. The employer just before contracting for the employment of the deceased was at Macon, Georgia. He came to Lakeland and there the contract was made for the services of Mr. Harris. Mr. Harris went to Mountain City, Tennessee, and there hauled beans under the terms of the verbal contract set forth heretofore. He had made one trip out of Mountain City, Tennessee, before making the fatal trip. He was killed in Virginia while carrying a load of beans to market. Mr. Butler testified that he had been hauling in Florida during the citrus season carrying citrus to and from packing houses, and after the season was over, it was his practice to move his trucks to other sections of the country outside Florida and haul from those areas the season made it profitable. His books were kept in Lakeland, Florida, and he considered Lakeland, Florida, his home. His sojourn in Macon, Georgia; Mountain City, Tennessee, and other places where he worked were of a temporary nature and he maintained no real office, but only a place where all the truck drivers met. Such a place was maintained at Mountain City, Tennessee. Mr. Butler did not testify that any express agreement was entered into that Mr. Harris' work would be exclusively outside the State of Florida. From the study of the nature of the business and the nature of the contract, it cannot be implied that such an agreement was made. Mr. Harris had been working for Mr. Butler before and it is reasonable to believe that so long as the season lasted, he would work in Tennessee but when that season ended he would go to some other State and finally he would come to Florida when the seasons of Florida made it profitable to Mr. Butler."

On these findings an award was made. It was upheld by the full commission and also by the lower court.

4

On appeal here it is urged that the children were not dependents; that deceased was engaged in work beyond the State of Florida and that the Workmen's Compensation Act did not cover his death.

On both questions we must hold against the appellant. The first question is decided upon authority of Johnson v. Midland Constructors, 152 Fla. 289, 11 So. (2nd) 895; Wheeler Co. v. Pullins, 152 Fla. 96, 11 So. (2nd) 303 and Sec. 440.02 (13), F.S. '41, F.S.A.

The second question is decided upon Lovejoy Co. v. Ackis, 153 Fla. 876, 16 So. (2nd) 297. See also Sec. 440.09 (1), F.S. '41, F.S.A.

The judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.