**GIBBS GAS ENGINE COMPANY, and GREAT AMERICAN INDEMNITY COMPANY, v. J. M. JACKSON, Guardian of Mae Jackson, and FLORIDA INDUSTRIAL COMMISSION.**

31 So. (2nd) 51  
June 10, 1947  
Rehearing denied July 7, 1947

June Term, 1947  
Special Division A

*Osborne, Copp & Markham,* for appellants.

*Clinton Ashmore* for *J. M. Jackson,* guardian of *Mae Jackson* and *Raymond E. Barns* for Florida Industrial Commission, appellees.

WILLIAMS, Associate Justice:

Kirvin P. Jackson, deceased, on January 8, 1940, in his lifetime was married to Mae Jackson, in Tallahassee, Florida. They moved to Mobile, Alabama, where they resided for a while and where Kirvin P. Jackson had employment. Mae Jackson returned to Tallahassee, Florida, on a visit to her father-in-law, J. M. Jackson, and, while on said visit, she suffered mental instability and was duly committed by the County Judge of Leon County to the State Hospital, at Chat-

tahoochee, Florida. Her father-in-law, J. M. Jackson, of Tallahassee, was appointed her guardian by said Judge July 16, 1943, and he has been her guardian since. Kirvin P. Jackson visited her from time to time at said hospital, gave her "pin money," gave her presents and later secured her temporary release from said institution, by reason of her apparent recovery, and she visited her father-in-law, in Tallahassee, Florida, and relatives in Climax, Georgia, during said interim and, while out of said institution on such temporary release, she relapsed into mental insufficiency and was returned to the State Hospital at Chattahoochee. Kirvin P. Jackson was working for appellant, Gibbs Gas Engine Company, in the fall of 1945, in work it was doing in Dade County, Florida, and was killed there in an electrical storm by accidental electrocution September 21, 1945. He was earning $66.00 per week at the time. Workmen's Compensation was allowed the widow, Mae Jackson, through her guardian, J. M. Jackson (her father-in-law) by Deputy Commissioner Charles M. Guyton, who said in part:

"IT IS ORDERED, that the employer-carrier pay the claimant, Mae Jackson, an insane person, compensation on account of her dependency upon the deceased, Kirvin P. Jackson, and it is directed that all payments of compensation awarded to such person be paid to J. M. Jackson, legal guardian of the said Mae Jackson, for the use and benefit of the said Mae Jackson, such payments to be continued until the further order of this Commission or until such time as such guardian shall cease to act in such capacity. It is directed that the compensation payments shall be paid in a lump sum to place same on a current basis, and thereafter the payments shall be made bi-weekly to the Guardian. The payment of the compensation awarded herein to J. M. Jackson as legal guardian, shall discharge the liability of the employer-carrier for compensation due Mae Jackson on account of her dependency."

The award was upheld by the Florida Industrial Commission and by Honorable George W. Tedder, Circuit Judge of the Circuit Court of the 15th Judicial Circuit of Florida. Appellants contend that Mae Jackson, the widow, by reason

of her mental instability and being under guardianship, as stated herein, is not entitled to the award made. In other words, their contention is, that at the time of the death of Kirvin P. Jackson, Mae Jackson was living apart from Kirvin P. Jackson, her husband, and was not dependent upon him for support. We think the award was properly made and is sustained by the record and the law. See Wilson Cypress Co. et al. v. Miller, 157 Fla. 459, 26 So. (2) 441; Johnson v. Midland Constructors, Inc., 152 Fla. 289, 11 So. (2) 895; F. S. 1941, Sec. 440.02 (15) F.S.A.; F. S. 1941, Sec. 440.19 (3) F.S.A.

The judgment appealed from is hereby affirmed

THOMAS, C. J., BUFORD and CHAPMAN, JJ., concur.

31 So. (2nd) 52                                                  June Term, 1947
June 10, 1947                                                        En Banc