In the course of his employment, Walter Pate Whitehead fell from a roof on which he was working and sustained serious bodily injuries. He did not improve; and, a little more than three months after the accident, he swallowed a mixture of potash and lye from which he died four days later. His widow, the appellant, filed claim for benefits under the Workmen's Compensation Act. The Deputy Commissioner found that the deceased took his life by wilful intent and dismissed the claim. The full Commission reversed the order of the Deputy Commissioner and awarded appellant *Page 465 
workmen's compensation, burial expenses and attorney's fees. On appeal to the Circuit Court, the order of the full Commission was reversed. This appeal is from the decree of the Circuit Court.
The point for determination is whether or not the claimant is entitled to workmen's compensation on account of the death of her husband, who is shown to have committed suicide.
The evidence showed that the deceased sustained injuries to his foot and his shoulder, involving the peripheral nervous system; that he suffered excruciating pain in his leg, back, and head, thereafter; that he also developed a paralysis of the arm, which he was advised would take some time to clear up; that, prior to the accident he had been a good-natured man with a phlegmatic disposition, but became morose and ill-humored subsequent to his injury. He stated at the hospital, when asked why he had taken the poison, that he had simply "gone nuts."
From the evidence, there can be no doubt that the death of the deceased was directly attributable to the injuries he sustained in the fall from the roof. The lower court held, however, that the deceased was aware of what he was doing at the time he took the poison and of the consequences of his act, and that "at the time his mental condition was such that his intention primarily to take his life was wilful," so that no compensation could be allowed under the provisions of Section 440.09(3), Florida Statutes, 1941, F.S.A., that "No compensation shall be payable if the injury was occasioned primarily * * * by the willful intention of the employee to injure or kill himself * * *."
We do not think that this ruling is in accordance with the intent and purpose of the Workmen's Compensation Act which, as frequently stated by this court, is to provide for injured workmen and, in the event of their death from injuries received in their employment, their dependents, so that the burden might not fall on society but on the industry served. See C.F. Wheeler Co. v. Pullins, 152 Fla. 96, 11 So.2d 303; Protectu Awning Shutter Co. v. Cline, 154 Fla. 30, 16 So.2d 342; General Properties Co. v. Greening, 154 Fla. 814, 18 So.2d 908.
The difficulty inherent in proving that one who kills himself by his own hand does so because of injuries sustained in an accident, and as a direct and proximate result thereof, undoubtedly accounts for the diversity of opinion on this question among the courts of this country. And, clearly, in a proper case, the provisions of Section 440.09(3), supra, should be given full force and effect so that industry should not have to carry the burden of compensating for a death for which it was in no wise responsible. But we are not persuaded that the fact that a workman knew that he was inflicting upon himself a mortal wound will, in all cases, amount to a "wilful intention" to kill himself, within the meaning of the statute. We believe that in those cases where the injuries suffered by the deceased result in his becoming devoid of normal judgment and dominated by a disturbance of mind directly caused by his injury and its consequences, his suicide cannot be considered "wilful" within the meaning and intent of the Act.
There is no force to the argument, propounded by some courts, that the act of suicide is an independent intervening cause of the death of the workman, thus breaking the chain of causation from the injury to the death of the deceased. While it may be an independent intervening cause in some cases, it is certainly not so in those cases where the incontrovertible evidence shows that, without the injury, there would have been no suicide; that the suicide was merely an act intervening between the injury and the death, and part of an unbroken chain of events from the injury to the death, and not a cause intervening between the injury and death. See City of Lakeland v. Burton, 147 Fla. 412, 2 So.2d 731.
In the instant case, the evidence showed that the deceased was not only suffering from a mental disturbance at the time he took the poison but that he was, to use his own expression, "nuts." Certainly, if his action in taking the poison was the result of an uncontrollable impulse or in a delirium or frenzy, it could not be said that *Page 466 
he was capable of forming a wilful intention to take his own life.
For the reasons given, the judgment of the lower court is reversed, with directions to remand the cause to the Industrial Commission with direction to the commission to award the widow the death benefits prescribed by the Act.
ADAMS, C.J., and CHAPMAN and HOBSON, JJ., concur.
TERRELL, THOMAS, and SEBRING JJ., dissent.