WALDEN, Judge.
Simply, does plaintiffs’ complaint state a cause of action sufficient to withstand a motion to dismiss? We think so. Thus we reverse and remand. The complaint provided:
“7. The gross negligence of the defendant, WILLIAM CLAUDE WILLIAMS, and the defendant, DAVID P. HARDING, combined to cause the harm and damage to the plaintiff hereinafter described.
“8. As a result, the plaintiff, ELIZABETH BYRUM, was injured in and about her body and extremities, suffered physical and mental pain therefrom, was' unable to lead a normal life. The grief and depression resulting from the said injuries and accident so overwhelmed the psychic defenses of the plaintiff, ELIZABETH BYRUM, that she as a natural and proximate result of the accident, attempted suicide on herself on or about the 11th day of January, 1972, by shooting herself in the stomach with a revolver, thereby severing her backbone and causing her to be permanently parályzed from the waist down. That as a result of the attempted suicide of ELIZABETH BYRUM, she has suffered a *837 diminution of earning capacity and will suffer loss of income after she reaches age twenty-one (21), and will be caused to incur and spend large sums of money for medical care and treatment after she reaches age twenty-one (21).” (Emphasis supplied.)
Synthesizing, all agree there can be no recovery here if the attempted suicide was an independent intervening cause. All agree there can be a recovery for damages resulting from an attempted suicide if there is established an adequate causative relationship between a defendant’s wrongful acts and the injured person’s suicide effort. The real question and the one concerning these litigants is the definition of an adequate causative relationship. There are several tests which have been suggested and applied in this area. It is not necessary for us to specifically outline them and we simply refer to the discussions in Rheingold “Negligence Liability for Suicide : The Contribution of Dynamic Psychiatry” 7 Plaintiff’s Advocate SO (1963); Prosser on Torts § 49 (3d ed. 1964); Restatement (Second) of Torts, § 455 (1965).
The defendants claim the conservative, older, and perhaps more often used viewpoint. The plaintiffs claim the modern, liberal, perhaps less popular view, all as described in the above mentioned authorities.
While there is no Florida case involving a suicide effort following a vehicle accident, and the criteria to be employed, the language contained in a workmen’s compensation case, Whitehead v. Keene Roofing Co., Fla.1949, 43 So.2d 464, is illuminating.
While it would undoubtedly be helpful to the litigants to be apprised in advance of the standards to be employed in determining the degree to which the mentioned causative relationship must be established at trial, we are of the opinion that it would be premature at this stage for us to do so. It is our view that the complaint adequately apprised the defendants of the substance of the claim and the special damages and left the defendants with a fair chance to meet the proofs and prepare a defense. It complied with Rule 1.110(b), F.R.C.P., 30 F.S.A., and should have been allowed to stand as a basis for further proceedings. As we see it, the language of the complaint was, on the one hand, sufficiently specific to perform the office of a complaint and, on the other hand, adequately broad to encompass any, or all, of the criteria in evaluating the causative relationship, as has been contended one way and the other by the litigants.
To sum up, we decide that the trial court erred in dismissing the complaint. We do not decide the ultimate criteria to be applied or preempt the trial court’s role in initially passing upon the evidence and determining if the plaintiffs have established their case.
Reversed and remanded.
REED, C. J., and CROSS, J., concur.