397 So.2d 1220 (1981)
CITY OF TAMPA, Appellant,
v.
Kimbell SCOTT, Appellee.
No. TT-371.
District Court of Appeal of Florida, First District.
May 11, 1981.
*1221 Joseph G. Spicola, Jr., and James A. Sheehan, Tampa, for appellant.
Bruce A. Campbell of Melendi & Campbell and John A. Williamson of Barrs, Williamson & Levens, Tampa, for appellee.
McCORD, Judge.
Appellant, employer, appeals from the deputy commissioner's finding that appellee Scott's death by suicide entitled Scott's widow to workers' compensation death benefits. We affirm.
On February 28, 1978, Scott injured his back in a work-related accident while employed by appellant as a firefighter. On March 2, Scott informed his employer of his back injury and was then seen by two doctors, one of whom diagnosed a minor lumbar strain and the other diagnosed an acute lumbar strain. On March 5, Scott was admitted to a veteran's hospital under the Baker Act because he had been exhibiting violent behavior at home since the injury. From that date forward, he was treated at the hospital for psychiatric problems. Both parties admit that Scott had pre-existing psychiatric problems. However, prior to his back injury, he had been able to maintain his demanding job. On June 27, 1978, Scott committed suicide. His widow filed this claim for death benefits, asserting that the back injury triggered the psychiatric reaction that caused Scott to commit suicide.
Because of his mental problems, Scott had been evaluated by several doctors. Dr. Coffer, a private psychiatrist who saw Scott in June 1978, felt that the back injury did trigger the mental condition which resulted in suicide and that Scott suffered a depressive neurosis directly related to the back injury. Dr. Benovitz, Scott's main treating physician at the veteran's hospital, stated that he realized Scott's back condition was minor but that the injury was the precipitating stress which initiated the manifestation of the underlying mental condition; that while the back injury was not the direct cause of the suicide, it triggered the underlying anxiety neurosis which Scott had prior to the accident. Other doctors testified that, in their opinions, the back injury did not contribute to the underlying mental condition and subsequent suicide.
Scott left a four-page suicide note in which he stated that his "mind snapped at the fire station in February of this year and it hasn't  and it will not come back."
The deputy commissioner found a causal relationship between the back injury and the suicide. He found that Scott came under psychiatric care as a result of the back injury. He specifically accepted Dr. Coffer's testimony as establishing that the back injury was a factor in Scott's acute psychotic episodes and depressive neurosis. He found that the evidence and the circumstances further established that Scott's suicide was directly caused by the severe psychiatric disturbance which was precipitated by the injury. He found that, as in Jones v. Leon County Health Department, 335 So.2d 269 (Fla. 1976), the evidence shows that, at the time of the suicide, Scott was so devoid of normal judgment as to negate a willful intent to kill himself, thus making Section 440.09(3), Florida Statutes, inapplicable to this case. He further found that Scott's pre-existing condition was a significant factor causing his death and that there was no precise evidence as to the degree of contribution. He concluded:

*1222 Based upon the evidence available, I find the employee's death resulted equally from the pre-existing condition and the injury of February 28, 1978.
He thereupon found employer liable for one-half of the awardable benefits.
Appellant asserts that Section 440.09(3), Florida Statutes, precludes recovery when a decedent intentionally kills himself. Case law, however, has created an exception to that rule when a decedent's injury caused him so much distress that he became devoid of normal judgment prior to committing suicide. Compare Whitehead v. Keene Roofing Co., 43 So.2d 464 (Fla. 1949), and Jones v. Leon County Health Department, supra. Appellant contends that the exception to § 440.09(3) does not apply in this case since the injury is not severe enough to have caused Scott to become so devoid of normal judgment that he would commit suicide.
Competent substantial evidence supports the deputy commissioner's finding that the injury, while not the direct cause of the suicide, was the triggering factor. There is competent substantial evidence that because of his neurosis, which was aggravated by his back injury, Scott did not form a willful intent to take his own life. Therefore, under the facts of this case, Section 440.09(3), Florida Statutes, does not preclude recovery.
AFFIRMED.
SHIVERS and JOANOS, JJ., concur.