BARFIELD, Judge.
In these workers’ compensation cases the employer appeals the orders of the deputy commissioner awarding death benefits to the minor children of the deceased employee and awarding attorney fees to claimants’ attorney based on the employer’s bad faith in failing to pay death benefits. We affirm.
The employer defended against payment of the claims on the grounds that *311 the natural minor children of the employee had not been economically dependent on the employee because he had failed to pay court-ordered child support. The deputy commissioner found that there is a conclusive presumption as a matter of law that unmarried, legitimate, natural minor children are entitled to death benefits without proof of dependency, and in the alternative that there was sufficient evidentiary proof to establish the dependency of both claimants. While we agree that there is sufficient evidentiary proof to establish dependency under the law, we focus our attention on the deputy commissioner’s ruling regarding the conclusive presumption of entitlement to benefits without proof of dependency. The deputy commissioner is correct in this ease.
Section 440.02(13), Florida Statutes (1981) divides the classification of “child” into two groups. The first group includes legitimate natural children born at the time of the employee’s death, legitimate natural children born posthumously and children legally adopted by the employee prior to the injury. The second group includes stepchildren “dependent” upon the employee and acknowledged illegitimate children “dependent” upon the employee. Excluded from both groups are married children unless “wholly dependent” on the' employee and all children eighteen years of age or older unless full-time students in accredited educational institutions and under twenty-two years of age.
In this case there was never any contention that the claimants were not legitimate natural, unmarried minor children under the age of eighteen years. Proof of economic dependency for this class of children is irrelevant. White v. P and G Erectors, Inc., IRC Order 2-3650 (January 12, 1979).
AFFIRMED.
WENTWORTH and ZEHMER, JJ., concur.