504 So.2d 1276 (1986)
GENERAL ELECTRIC and Electric Mutual Insurance Company, Appellants/Cross-Appellees,
v.
Jose DeCUBAS (Deceased Employee), Caroline DeCubas, and Adrienne Bennett, Appellees/Cross-Appellants.
No. BM-399.
District Court of Appeal of Florida, First District.
December 2, 1986.
Jesse F. Sparks, of Sparks, Cooper & Leklem, P.A., Orlando, for appellants/cross-appellees.
Lewis F. Cohen, Miami, for appellees/cross-appellants.
WIGGINTON, Judge.
Appellants, employer-carrier, appeal the deputy commissioner's order finding appellee *1277 Caroline DeCubas, the daughter of the deceased employee, entitled to workers' compensation dependency death benefits. Appellee Adrienne Bennett, the grand-daughter of the deceased and a minor, cross appeals the deputy commissioner's denial of dependency death benefits to her. We affirm.
On June 6, 1985, Jose DeCubas was killed in Georgia in a work-related accident while employed by appellant, General Electric. His job involved servicing the microwave communications system for Southern Railway with which General Electric had a contract. The evidence showed that General Electric's principal place of business is located outside Florida and that Jose entered into an employment contract with General Electric in Virginia in 1962. However, Jose lived in Jacksonville, Florida, checked into work in Jacksonville and spent approximately 73 percent of his time working at the three microwave stations located in Florida and 27 percent of his time at three stations in Georgia. After his death, appellees filed their claims for dependency death benefits.
The evidence in the record reveals that at the time of Jose's death he and his wife were divorced. They had two daughters, Caroline and Margaret (the mother of Adrienne). Caroline was twenty years old when Jose died and was a full-time student at Palm Beach Junior College. At the time of the hearing, she was a full-time student at the University of Florida. Thus, she qualified as a "child," as defined in section 440.02(5), Florida Statutes, within the Workers' Compensation Act.
Employer-carrier assert that the deputy commissioner erred in finding that he had jurisdiction of this case under 440.09(1), which provides that when an accident occurs outside Florida, workers' compensation benefits are payable only if the contract of employment was made in this state or "the employment was principally localized in this state." The employer-carrier, relying upon Ryder Truck Lines, Inc. v. Beck, IRC Order 2-3158 (1977), contend that the term "employment" as used in that statute refers to the employment of the employer and thus the question to be determined is where the employer is principally localized.
We find that the deputy commissioner's interpretation of the word "employment," as referring to the principal location of the employee's employment, conforms with the plain meaning of that word as used in section 440.09(1), Florida Statutes. The word "employed" is used a few lines above the word "employment" in the statute in the context of the employee's employment and the term "contract of employment" as used in the statute obviously refers to the employee's employment with the employer. Although in Ryder, the commission did make the statement: "We must determine whether the employer was otherwise `principally localized in this state' to find coverage," the opinion proceeded to examine the particular employee's workday and his locale while working. The commission concluded that that employee's employment contacts were primarily in Georgia. Thus, despite the above statement in the opinion, the Ryder decision does not appear to conflict with the deputy commissioner's interpretation of 440.09(1) in this case. We adopt his interpretation and conclude that he was correct in determining that he had jurisdiction of this claim, since the evidence clearly shows that Jose was employed principally in Florida.
Employer-carrier also challenge the deputy commissioner's finding that Caroline qualifies as a dependent of Jose. We affirm the finding of dependency although we do not agree with the deputy commissioner's assessment of her burden of proof on that issue.
Relying on the decision in Lakeland Highlands Construction Company v. Casey, 450 So.2d 310 (Fla. 1st DCA 1984), the deputy commissioner found that Caroline was not required to prove actual dependency to be eligible for death benefits under section 440.16(1)(b), since she was a twenty-year-old full-time student at the time of his death. We agree with the employer-carrier that the Lakeland Highlands case is not dispositive here. In that case, the court found a conclusive presumption of dependency *1278 in regard to a child under the age of eighteen. We decline to extend that conclusive presumption to children over the age of eighteen who otherwise qualify for benefits since section 440.16(1)(b) directs the employer-carrier to pay compensation for death to "the following persons entitled thereto on account of dependency" (emphasis supplied). That language indicates that dependency must be proven. Statutory language is not to be assumed superfluous and all words and phrases within a statute are to be given meaning. Terrinoni v. Westward Ho, 418 So.2d 1143 (Fla. 1st DCA 1982). Thus, pursuant to the definitions and terms of sections 440.02(5), 440.16(1)(b) and 440.16(2), anyone other than a minor child has a burden to prove actual dependency when seeking death benefits.
Despite his erroneous declaration that Caroline did not have the burden of proving actual dependency, the evidence in the record is sufficient to support the deputy commissioner's specific finding that Caroline nevertheless did meet that burden in this case. Caroline established that during the pertinent periods, she was a full-time student under the age of twenty-two, as required by section 440.02(5), Florida Statutes, and that Jose sent her $150 a month. The record also shows that he sent money to her adult sister who provided her with room and board while she attended college. He provided Caroline a home during the summer; he was the only one contributing to her support; and he claimed her as a dependent on his income tax return. With only a part-time, low paying job, she was not fully supporting herself. Thus, Jose's contribution added substantially to her apparently meager income. As stated in Terrinoni, dependency in workers' compensation cases is a question of fact to be determined by the circumstances of the case. The claimant must show that she is dependent on the deceased for support; that actual and substantial support were received by her from the deceased; and that such support was made regularly with the reasonable expectation that it would be made in the future. As Terrinoni, at 1146, instructs:
The test is whether the claimant relies on the contributions to maintain his or her customary standard of living and, whether in the absence of continuance of support, the lifestyle [sic] of the claimant would be materially altered.
The record contains competent substantial evidence to support the deputy commissioner's factual finding on this point.
On cross appeal, Adrienne asserts that the deputy commissioner erred in finding that she did not meet her burden of proving actual dependency upon Jose. Competent substantial evidence in the record supports the deputy commissioner's finding in that regard.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.