BOOTH, Judge.
This cause is before us on appeal of the deputy commissioner’s order denying claimant death and disability benefits under Section 440.16, Florida Statutes (1987), on grounds that claimant was not the natural, legitimate daughter of the decedent. After careful review of the record and applicable law, we affirm the result below.
George Theis, a City of Miami mechanic, was killed on August 28, 1986. Edwidge St. Lot, Theis’s ex-wife and claimant’s mother, filed for benefits on claimant’s behalf. George had been divorced from Ed-widge for more than a decade when he died, but had been married to her for ten years when claimant was born in 1969. During the marriage, Edwidge had been having an extramarital affair with another man, and the employer/carrier successfully contended below that claimant was not fathered by George.
When claimant was born, George had already immigrated to the United States. George and Edwidge obtained a Haitian divorce in 1974. Record evidence suggests that, some years after the divorce, George may have learned that claimant was not his biological child. However, the record also shows that George treated claimant as if she were his daughter by providing support and maintaining a parental relationship with her. Prior to the employer/carrier’s raising the issue, claimant never knew there was any question of her legitimacy.
Appellant has raised several issues for our consideration, only two of which we find necessary to discuss. First, appellant argues that the deputy erred in ruling that the City had standing to raise the legitimacy question. However, in Kendrick v. Everheart, 390 So.2d 53 (Fla.1980), the Supreme Court held that, despite the statement in Chapter 742, Florida Statutes, that its provisions were in lieu of any other proceedings to determine paternity, paternity determinations were otherwise permissible where they were “a necessary incident to the adjudication of the ultimate relief sought in the particular proceeding involved.” Gammon v. Cobb, 335 So.2d 261 (Fla.1976), specifically noted that pater *358 nity determinations were permissible in workers’ compensation cases where necessary to determine entitlement to benefits.
Appellant also argues that the deputy erred in ruling that Section 440.02(5), Florida Statutes (1987), requires that a child bom of two married persons be the natural, biological offspring of those persons. For the following reasons, we affirm.
The definition of “child” was initially enacted in 1935 when the Workers’ Compensation Act was created in this state. Ch. 17481, § 2, Laws of Florida (1935). The preamble to the chapter law does not illuminate the legislative intent behind the definition, and the current definition is virtually identical to the 1935 counterpart.[1] Currently, the definition states that “ ‘Child’ includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him.”
Appellant argues that the definitions do not expressly state that a child must be natural or biological, but this begs the question. Starting from the premise that the Legislature intended the definition of child to at least include natural, biological children, the question then becomes what other persons could be considered children within the statutory meaning. Several types are specified, but a child born to two married persons but fathered by someone other than the husband, is not included. The applicable rule of statutory construction is expressio unius est exclusio alterius: where one thing is expressed and others are not, the Legislature is presumed to have intended to omit the items not expressed. City of Miami v. Cosgrove, 516 So.2d 1125 (Fla. 3d DCA 1987).
In Lakeland Highlands Construction Co. v. Casey, 450 So.2d 310 (Fla. 1st DCA 1984), this court stated that the statutory definition of child created two groups, one being of “legitimate natural children born at the time of the employee’s death, legitimate natural children born posthumously, and children legally adopted by the employee prior to the injury” (emphasis added). More recently, this court and the Supreme Court have indicated that the definitions of child are to be strictly construed. In Evergreen Sod Farms, Inc. v. McClendon, 513 So.2d 1311 (Fla. 1st DCA 1987), affirmed, Tarver v. Evergreen Sod Farms, Inc., 533 So.2d 765 (Fla.1988), this court held that the doctrine of virtual adoption was inapplicable in workers’ compensation cases to establish legal adoption between an injured employee and a child who wanted to claim dependency benefits. This result was reached despite the court’s express recognition that workers’ compensation statutes are to be liberally construed to effect coverage, and the Supreme Court affirmed despite recognition that “this is a harsh result, which we suggest the Legislature address.” Similarly, this court strictly construed the statutory definition of stepchildren to deny compensation in Williams v. Freedom Trucking, Inc., 538 So.2d 134 (Fla. 1st DCA 1989). Citing to Evergreen Sod, the court held that “workmen’s compensation is entirely a creature of statute and must be governed by what the statutes provide, not by what deciding authorities feel the law should be.”
As in Evergreen Sod, we recognize that this construction is a harsh result. Consequently, we certify the following question to the Supreme Court as one of great public importance:
WHETHER THE DEFINITION OF “CHILD” IN SECTION 440.02(5), FLORIDA STATUTES (1987), AND FLORIDA’S PUBLIC POLICY FAVORING THE LEGITIMACY OF CHILDREN PERMITS A CHILD BORN OF A LEGITIMATE MARRIAGE BUT FA *359 THERED BY SOMEONE OTHER THAN THE HUSBAND, TO BE DENIED DEATH AND DEPENDENCY BENEFITS UNDER SECTION 440.16, FLORIDA STATUTES (1987).
JOANOS and MINER, JJ., concur.

. As initially enacted, the definition read "‘Child’ shall include...." This definition was later amended to read “‘Child’ includes....” Some years prior to this slight alteration, a directory preamble was added to Section 440.02, Florida Statutes, stating that “When used in this chapter, unless the context clearly requires otherwise, the following terms shall have the following meanings.” There is no legislative indication that the above alterations were intended to substantively change the definition’s meaning in a manner favorable to appellant.