McDonald, justice.
We review Theis v. City of Miami, 545 So.2d 357, 358-59 (Fla. 1st DCA 1989), in *118 which the district court certified the following question as one of great public importance:
Whether the definition of “child” in section 440.02(5), Florida Statutes (1987), and Florida’s public policy favoring the legitimacy of children permits a child born of a legitimate marriage but fathered by someone other than the husband, to be denied death and dependency benefits under section 440.16, Florida Statutes (1987).
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. On the facts of this case we answer the certified question in the negative and quash the district court’s decision.
This case involves a claim for workers’ compensation death benefits. George Theis (decedent), a City of Miami employee, died on August 28, 1986, from accidental work-related injuries. Edwidge St. Lot, the decedent’s ex-wife, filed a claim for workers’ compensation death benefits on behalf of her minor natural daughter, Marie Christine Nadine Theis (Theis), as the decedent’s child. Theis was born in Haiti in 1969 during St. Lot's marriage to the decedent. At the time of Theis’ birth, St. Lot and the decedent had been married for ten years, and the Haitian birth certificate stated that she was the legitimate child of their marriage.[1] Several months later, Theis and St. Lot immigrated to the United States to join the decedent, who had immigrated a few weeks prior to Theis’ birth, where they lived together as a family in Brooklyn, New York. In 1974 St. Lot obtained a Haitian divorce decree which required the decedent to pay monthly child support. During the twelve years between the divorce and his death, the decedent sent money for clothes and expenses and paid half of the parochial school tuition for the child. He visited her while he lived in New York and maintained contact by telephone after he moved to Miami in 1979. Although he did not list Theis as a dependent on his naturalization papers and expressed an opinion to his brother that he was not her natural father, he never disavowed her as his child.
The City of Miami, which is self-insured, contended that Theis was not the rightful heir nor a dependent of the decedent and refused to pay workers’ compensation death benefits. To substantiate its contention, the city filed a discovery motion and obtained blood samples from Theis and St. Lot to determine paternity.[2] Expert witnesses testified that the blood test results conclusively showed that the decedent was not Theis’ biological father. Based on this information and St. Lot’s deposition testimony that she had extramarital sexual relations about the time Theis could have been conceived, the deputy commissioner found that Theis was not the decedent’s natural legitimate daughter and, therefore, was not entitled to death benefits as his child. The district court affirmed the deputy commissioner’s decision, but certified the previously stated question. We disagree and quash the district court’s decision.
The definition of “child” for purposes of workers’ compensation claims is set forth in subsection 440.02(5), Florida Statutes (1987), which states: “ ‘Child’ includes a posthumous child, a child legally adopted prior to the injury of the employee, and a stepchild or acknowledged illegitimate child dependent upon the deceased, but does not include married children unless wholly dependent on him.” The district court interpreted this definition to require that a child born of a valid marriage must also be the biological offspring of the partners to that marriage to receive workers’ compensation benefits as their child. We disagree.
Nadine Theis was born during the valid marriage between the decedent and St. Lot. Therefore, she is presumed by law to be the legitimate child of that marriage. Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d *119 163 (1944). That presumption had not been rebutted when her legal father was killed on the job. Neither St. Lot nor the decedent had taken any action to legally disavow the decedent’s paternity of Theis. Moreover, although St. Lot later married Theis’ reputed natural father, he never acknowledged her paternity.[3]
In this case, therefore, the essence of the question before us is whether Theis, who claimed benefits as the decedent’s legitimate child by law, may be deprived of these benefits by post-injury proof that she is not the biological child of the deceased employee. In deciding this question we are reminded that the fundamental purpose of workers’ compensation is to provide for injured workers and, in the event of their death from injuries received in their employment, to relieve society of the burden of earing for their dependents by placing that burden on industry. Jones v. Leon County Health Department, 335 So.2d 269 (Fla.1976); Sullivan v. Mayo, 121 So.2d 424 (Fla.1960); Whitehead v. Keene Roofing Co., 43 So.2d 464 (Fla.1949). To accomplish the beneficent purposes and objectives implicit in legislation of this type, workers’ compensation laws should be construed liberally. Sherman v. Peoples Water & Gas Co., 138 So.2d 745 (Fla.1962); Cook v. Georgia Grocery, Inc., 125 So.2d 837 (Fla.1960). In accord with the purpose of workers’ compensation legislation, we should interpret the definition of child liberally to effect coverage.[4] C.F. Wheeler Co. v. Pullins, 152 Fla. 96, 11 So.2d 303 (1942). See Wise v. E.L. Copeland Builders, 435 So.2d 339 (Fla. 1st DCA 1983); 6 E. Davis, Florida Practice: Workers’ Compensation § 208 (1982). A claimant who is a deceased worker’s legitimate child by law, therefore, need not prove biological paternity to recover workers’ compensation benefits.
We recognize that an employer/carrier has an interest in avoiding spurious claims. Nevertheless, in keeping with the basic purpose of workers’ compensation legislation and the public policy favoring the legitimation of children, we can find no logical basis for distinguishing a child who is recognized by law as a legitimate child from a biological child in determining entitlement to workers’ compensation death benefits when that child was a legal dependent of the deceased worker. The legal status at the time of injury should control. We are also persuaded that public policy should preclude an employer from challenging, after the father’s death, the legitimacy of a child born during a lawful marriage. See Knauer v. Barnett, 360 So.2d 399 (Fla.1978). Hence, if an individual claims benefits as a legitimate child by law, post-injury biological proof of paternity is irrelevant. In this case Theis, as the decedent’s minor legitimate child by law, should not have been compelled to submit to blood testing and is entitled to recover workers’ compensation death benefits as his child.[5]
*120 We therefore quash Theis and direct the district court to remand this case to the deputy commissioner to award death benefits in the appropriate amount plus interest.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. The record indicates that it is the custom in Haiti to have two "birth certificates," the mother's sworn oath of birth and the father's sworn oath of birth. In this case the only document available was the mother’s sworn oath of birth.

. Records of George Theis’ blood type were available from the hospital where he was admitted for treatment after the accident causing his death.

. Theis’ reputed biological father also never legally adopted Theis as his child during his marriage to St. Lot, although this fact would not affect the presumption of Theis’ legitimacy.

. We reach this decision notwithstanding our holding in Tarver v. Evergreen Sod Farms, Inc., 533 So.2d 765 (Fla.1988), which the district court cited as indicating that, despite the fact that workers’ compensation statutes are to be construed liberally to effect coverage, courts should strictly construe the definition of child in determining whether a claimant is entitled to workers’ compensation benefits. Tarver held that a child allowed to inherit an intestate share on the theory of "virtual adoption” in probate proceedings could not recover workers’ compensation death benefits under § 440.02(5), Fla. Stat. (1987), which required that the child be "legally adopted prior to the injury of the employee.” We based that decision on our finding that the language of the statute clearly required that not only must there be a legal adoption but that it also must occur prior to the injury of the employee. 533 So.2d at 767. Because virtual adoption was not actually a legal adoption and took place only after death, we reluctantly refused to allow the claimant to receive death benefits.

. We are aware that § 440.16(l)(b), Fla.Stat. (1987), awards compensation to "the following persons entitled thereto on account of dependency upon the deceased.” (Emphasis added.) Therefore, a reading of this provision alone might indicate that not only must Nadine Theis be the "child” of the decedent but she must also prove economic dependency to recover benefits. However, this provision must be read in conjunction with the definition of child in § 440.02(5), which only requires proof of de *120 pendency by a stepchild or acknowledged illegitimate child. Thus, proof of Theis' actual economic dependency upon the decedent is irrelevant to her recovery of benefits. See Butler v. Morgan, 157 Fla. 1, 24 So.2d 571 (1946); Johnson v. Midland Constructors, 152 Fla. 289, 11 So.2d 895 (1943); General Electric v. DeCubas, 504 So.2d 1276 (Fla. 1st DCA 1986); Lakeland Highlands Construction Co. v. Casey, 450 So.2d 310 (Fla. 1st DCA 1984).