WEBSTER, Judge.
In this workers’ compensation case, the employer and carrier seek review of an order requiring that they pay certain medical bills of the claimant. We conclude that there is competent substantial evidence to support the findings of the judge of compensation claims; and that the employer and carrier have waived the defense that the injury was caused “by the willful intention of [claimant] to injure or kill himself" by failing to raise it below. Therefore, we affirm.
In 1984, claimant sustained a serious injury to his back. That injury was accepted as compensable by the employer and carrier. In 1989, claimant elected to receive a lump-sum settlement of his claim. A few months after having received the settlement proceeds, claimant shot himself, severely injuring his shoulder. The medical bills which were the subject of the proceedings below were the result of medical and psychiatric treatment necessitated by the shoulder injury. Claimant’s position was that the shoulder injury was causally related to the 1984 back injury and that, therefore, he was entitled to medical benefits. The employer and carrier argued that claimant was not entitled to medical benefits, either because the shoulder injury was the result of psychiatric problems unrelated to the back injury; or because the shoulder injury was the result of an accident unrelated to either the back injury or employment. At no point in the proceedings below did the employer and carrier take the position that claimant was not entitled to medical benefits because his shoulder injury had been “occasioned primarily ... by the willful intention of [claimant] to injure or kill himself....” § 440.09(3), Fla.Stat. (1989).
From the evidence presented, the judge of compensation claims found that claimant’s shoulder injury had been the result of an attempt to commit suicide. He found, further, that claimant’s suicide attempt, and the resulting shoulder, injury, had been “substantially caused” by the “well documented depression and anxiety suffered as a result of [claimant’s] industri *591 al accident [i.e., the back injury] and disability.” Based upon these findings, the judge ordered the employer and carrier to pay the medical bills.
The evidence presented below was not without conflicts. However, our review of the record convinces us that there is competent substantial evidence to sustain the judge’s findings. In particular, Dr. G. William Lose, a board-certified psychiatrist who first saw claimant in 1985 following surgery related to claimant’s back injury, testified that in 1985 he diagnosed claimant as suffering from “[djysthymic disorder secondary to injury and psychogenic pain multiplication” which was related to claimant’s back injury; and that, “to a reasonable degree of medical probability,” “there was a causal relationship” between claimant’s back injury and resulting disability and depression, and claimant’s suicide attempt.
On appeal, the principal point argued by the employer and carrier is that the judge “erred as a matter of law” in directing that claimant’s medical bills be paid, because Section 440.09(3), Florida Statutes (1989), states that “[n]o compensation shall be payable if the injury was occasioned primarily ... by the willful intention of the employee to injure or kill himself-” Case law interpreting Section 440.09(3) holds that an intent to injure or to kill oneself is not “willful” for purposes of that Section where the initial work-related injury and its consequences cause the employee “to become devoid of normal judgment and dominated by a disturbance of mind so as to dethrone his reason and destroy his will....” Jones v. Leon County Health Department, 335 So.2d 269, 272 (Fla.1976). Accord, Whitehead v. Keene Roofing Co., 43 So.2d 464 (Fla.1949). Whether or not the intent is sufficiently “willful” to preclude compensation because of Section 440.09(3) is a question of fact to be resolved by the judge of compensation claims, based upon the evidence presented. City of Tampa v. Scott, 397 So.2d 1220 (Fla. 1st DCA), review denied, 411 So.2d 381 (Fla.1981). In this case, the judge made no findings addressing this issue for the obvious reason that nobody suggested to him that it was an issue.
We hold that the proscription of compensation pursuant to Section 440.09(3) when “the injury was occasioned primarily ... by the willful intention of the employee to injure or kill himself ...” is an affirmative defense to a claim for benefits; and that, as such, it is forever waived if not presented with clarity during the course of the proceedings before the judge of compensation claims. See McKenzie Tank Lines, Inc. v. McCauley, 418 So.2d 1177 (Fla. 1st DCA 1982) [Section 440.09(4), Florida Statutes, precluding compensation when injury results from “willful refusal of the employee to use a safety appliance or observe a safety rule” is an affirmative defense to a claim for benefits, which is waived if not pleaded]; Sunland Hospital/State of Florida v. Garrett, 415 So.2d 783 (Fla. 1st DCA 1982) (court will not consider on appeal an issue not presented with clarity during the proceedings before the deputy commissioner). The employer and carrier never raised the Section 440.-09(3) defense below. Accordingly, we hold, further, that the employer and carrier have waived their right to rely upon that defense; and it will not be considered on this appeal.
The findings of the judge of compensation claims are supported by competent substantial evidence. Therefore, we affirm.
AFFIRMED.
ERVIN and KAHN, JJ., concur.