PER CURIAM.
This is a workers’ compensation ease. Claimant filed a claim for benefits naming appellee Mickey Chase Enterprises as the employer and appellant (Aetna) as the carrier. Several months earlier, Aetna had filed a notice of denial, in which it asserted that “Aetna coverage for the Employer expired 5/31/90 and was reinstated 8/17/90. Mickey Chas.e Enterprises was uninsured from 5/31/90 through 8/17/90 which includes the date of accident: 8/16/90.” It is undisputed that, although it had notice of the time and place of both the pretrial conference and the merits hearing, no representative of Aetna appeared at either. The judge of compensation claims entered an order directing that Mickey Chase Enterprises and Aetna pay the claim, and concluding that both claimant’s attorney and the attorney for Mickey Chase Enterprises were entitled to recover fees from Aetna. It is from that order that Aetna appeals.
We affirm the direction that Aetna pay the claim. In the circumstances of this case, Aetna’s assertion that it did not provide coverage to Mickey Chase Enterprises at the time of claimant’s accident was an affirmative defense. As such, it was abandoned when Aetna failed to appear at the merits hearing to present evidence. See Bay Automotive v. Allaire, 593 So.2d 589 (Fla. 1st DCA 1992) (affirmative defense is waived if not presented with clarity during proceedings before judge of compensation claims). We also affirm the conclusion that claimant’s attorney was entitled to recover a fee from Aetna. However, because there is no authority for the conclusion .that the attorney for Mickey Chase Enterprises was also entitled to recover a fee from Aetna, we reverse that portion of the order.
AFFIRMED IN PART; and REVERSED IN PART.
JOANOS, KAHN and WEBSTER, JJ., concur.