**PALM BEACH DAIRY COMPANY** and **LUMBERMEN'S MUTUAL CASUALTY COMPANY, v. ANITA RYAN** and **FLORIDA INDUSTRIAL COMMISSION.**

18 So. (2nd) 537                                                June Term, 1944
June 27, 1944                                                      Division A

*Earnest, Lewis & Smith,* for appellants.

*W. Terry Gibson* and *Herbert T. Gibson,* for appellees.

TERRELL, J.:

Frank A. Ryan was killed in August, 1940, while on duty and in the employ of Palm Beach Dairy Company. He was unmarried, was making $17.50 per week and was living with his mother who was dependent on him for support. The insurance carrier paid compensation to Mrs. Ryan, the mother, for forty-seven weeks at $6.25 per week and then discontinued the payments because some half brothers had entered into contract to pay her $15.00 per week for a limited period.

The question presented is whether such payments had the effect of relieving the mother of dependency as contemplated

by Section 440.16, Florida Statutes, 1941 (Workmen's Compensation Act) and thereby destroy her claim for compensation.

We think this question requires a negative answer. Who are dependents under the Workmen's Compensation Act is relative and may be influenced by many factors but it is not limited to such as have a bare subsistence living or perchance a limited income from other sources. Somewhere along the road from rags to affluence, the right to Workmen's Compensation would no doubt be surrendered but we hold this point to be above the bare subsistence level.

Different phases of the question of dependency were dealt with in Panama City Stevedoring Co. Inc. v. Padgett, 149 Fla. 687, 6 So. (2nd) 832; Stone, et al., v. Scott, et al., 151 Fla. 21, 9 So. (2nd) 168; Moorer v. Putnam Lumber Co., 152 Fla. 520, 12 So. (2nd) 370; and Johnson, et al., v. Midland Construction Co., 152 Fla. 289, 11 So. (2nd) 895. In our view, these cases conclude the question raised here against appellants so the judgment is affirmed.

Affirmed.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.