418 So.2d 1143 (1982)
Alfred TERRINONI (Deceased) by Ann Terrinoni, Appellants,
v.
WESTWARD HO! and Kent Insurance Company, Appellees.
No. AG-228.
District Court of Appeal of Florida, First District.
August 23, 1982.
Rehearing Denied September 20, 1982.
*1144 Stephen Marc Slepin of Slepin, Slepin, Lambert & Waas, Tallahassee, for appellants.
Kathleen V. McCarthy, Hialeah, for appellees.
ERVIN, Judge.
In this workers' compensation case, the mother of a deceased employee appeals the order of the deputy commissioner finding that her dependency under the Workers' Compensation Act has ended, and that, as a matter of law, she was not entitled to dependency benefits under Section 440.16(1)(b)4, Florida Statutes (1979). We affirm.
In its cross-appeal, the employer, Westward Ho!, and its carrier appeal the deputy's finding that at the time of decedent's death he was an employee of Westward Ho! The employer/carrier argues that decedent was an independent contractor not covered by the Act. We affirm the deputy's order as to decedent's employee status without opinion.[1]
The deceased was a police sergeant for the City of Coral Gables. He was killed on October 11, 1980, in an armed robbery while picking up the receipts in his off-duty *1145 job with Westward Ho! restaurant. Appellant is the 63-year-old divorced mother of decedent. The deputy found that appellant was dependent on the deceased at the time of his death, and appellees do not argue otherwise. Such finding is supported by competent, substantial evidence. The record shows the decedent gave his mother $125 in cash each month, helped pay off the mortgage on her house, and helped with her household purchases and expenses. Appellant's former husband is under court order to pay alimony, but she does not receive payments. Although appellant worked at a clothing store and began receiving Social Security benefits in April, 1980, the deputy found that she was unable to support herself.
The deputy's finding that appellant's dependency ended is based on the fact that by December 31, 1980, she had received all benefits due her as her son's sole heir and beneficiary. She received a total of approximately $155,000 from a combination of sources. As to that issue, the deputy concluded: "In order to give any meaning to § 440.16(2)(d), Florida Statutes [The statute is in fact Section 440.16(1)(b)4, Florida Statutes (1979).] ..., it is clear that it is contemplated that the dependency of a parent under the Workers' Compensation Act can end." Section 440.16(1)(b)4 states:
440.16 Compensation for death. 
(1) If death results from the accident within 1 year thereafter ..., the employer shall pay:
* * * * * *
(b) Compensation ... in the following percentages of the average weekly wages to the following persons entitled thereto on account of dependency upon the deceased, ...:
* * * * * *
4. To the parents, 25 percent to each, such compensation to be paid during the continuance of dependency.
The deputy ordered the e/c to pay death benefits from the date of accident through December 31, 1980.
Appellant argues that dependency status is fixed on the date of the employee's death; that she qualified for benefits by virtue of her dependency on the employee and his compensable death, and that the policy of workers' compensation is to preclude continuous litigation. Thus, she continues, benefits cannot be terminated, for if a post-mortem event can terminate dependency and one's workers' compensation rights, then another event can reinstate dependency, consequently she concludes that the legislature did not intend to allow this open-ended condition leading to perpetual litigation and unmanageable administration.
Appellant supports this argument with a passage from Professor Larson:
Once rights as a dependent under an award have been acquired, the majority  but by no means unanimous  view is that they are not lost by a subsequent change in the dependent's financial position, nor by any change short of the events, such as remarriage or attainment of a specified age, expressly terminating compensation by statute. Getting a self-supporting job, for example, or an inheritance from the deceased or others, or being adopted, or contracting a marriage later annulled, or living with and being supported by a man without benefit of marriage, will not interrupt the right to benefits as a dependent. While this may produce occasional results inconsistent with the spirit and purpose of compensation protection, the administrative convenience of crystallizing of rights as of some definite date once and for all probably counterbalances this objection.
2 Larson, The Law of Workmen's Compensation § 64.43 at 11-209 (1981).
However, this section is susceptible to another interpretation, especially when bolstered by the plain meaning of the statute. According to Larson, rights as a dependent can be lost by an event expressly terminating compensation by statute. Section 440.16(2) expressly states that the dependence of a spouse of a deceased employee shall terminate with remarriage; the dependence *1146 of a child shall terminate with the attainment of eighteen years of age, twenty-two years of age if a full-time student, or upon marriage. Dependency is deemed not to continue past these events. The legislative intent is clearly to allow for termination of dependency.
There is no statutory language limiting termination of a parent's dependency to the happening of a specific event. Perhaps the legislative intent was to allow for flexibility in the individual situations concerning parents.
We consider that the provisions of Section 440.16 should be read in pari materia to achieve the statutory purpose to protect workers' dependents against hardships that arise from workers' deaths arising out of employment and occurring during employment, and to prevent those who depend on workers' wages from becoming charges on the community. See, McCoy v. F.P. & L., 87 So.2d 809 (Fla. 1956). Here, a termination of benefits would not thwart such purpose.
Statutory language is not to be assumed superfluous; a statute must be construed so as to give meaning to all words and phrases contained within that statute. Vocelle v. Knight Brothers Paper Co., 118 So.2d 664 (Fla. 1st DCA 1960). Meaning must be given to the legislature's clear and unambiguous words "[S]uch compensation to be paid during the continuance of dependency." "Continuance" is the time during which something exists or lasts; duration. The American Heritage Dictionary 288 (1979). "Dependency," for purposes of workers' compensation, is a question of fact to be determined by the circumstances of the case. Thus, it must be shown that the claimant, because of physical or mental incapacity, or lack of means, is dependent on the deceased for support; that actual and substantial support must have been received by claimant from deceased, and that such support must be shown to have been made regularly with reasonable expectation to be made in the future, and that casual gifts at irregular intervals will not support a claim based on dependency. Panama City Stevedoring Co. v. Padgett, 149 Fla. 687, 6 So.2d 822, 823 (1942). The test is whether the claimant relies on the contributions to maintain his or her customary standard of living and, whether in the absence of continuance of support, the lifestyle of the claimant would be materially altered. See, Paul Spellman, Inc. v. Spellman, 103 So.2d 661, 664 (Fla. 2nd DCA 1958); Larson & Sons Developing, Inc. v. Ashley, IRC Order 2-3051 (1976).
Claimant is not dependent upon the workers' compensation death benefits to maintain her customary standard of living. The evidence, including claimant's testimony, shows that her standard of living is no less than it was while her son was alive.
The plain meaning of the language and the facts frustrate claimant's contention that "there is no warrant in law" for holding that dependency at death does not fix entitlement to benefits where the dependent receives an inheritance as a result of the death, as well her argument that once a parent's dependency is established at any point in time, it continues regardless of changed circumstances.
The section in the Act concerning the dependency of parents has remained essentially unchanged since 1935.[2] The phrase at issue appears to have been interpreted only once in Palm Beach Dairy Co. v. Ryan, 154 Fla. 648, 18 So.2d 537 (1944). There the deceased employee had lived with his mother who was dependent on him for support. The employee had been earning $17.50 per week at the time of his death. The insurance carrier had paid compensation to the deceased's mother for 47 weeks at the rate of $6.25 per week. The carrier stopped payment because some half-brothers had entered into a contract to pay the mother *1147 $15.00 per week for a limited period. The court stated:
The question presented is whether such payments had the effect of relieving the mother of dependency as contemplated by Section 440.16, ... and thereby destroy her claim for compensation.
We think this question requires a negative answer. Who are dependents under the Workmen's Compensation Act is relative and may be influenced by many factors, but it is not limited to such as have a bare subsistence living or purchance a limited income from other sources. Somewhere along the road from rags to affluence, the right to workman's compensation would no doubt be surrendered but we hold this point to be above the bare subsistence level.
Id., 18 So.2d at 537. (emphasis supplied)
In Ryan, benefits were paid to maintain the mother's customary standard of living. Here, unlike Ryan, the parent, after receiving approximately $155,000.00, if not affluent, could hardly be considered at "the bare subsistence level." We believe that Ryan implies that there can be a dependency cutoff point.
Further support for our position is found in Edelblut, Inc. v. Ford, IRC Order 2-2489 (1974), in which a finding of dependency of the deceased employee's mother and minor siblings was affirmed, but which held also that once the mother secured employment, dependency terminated and payments should have been halted. Although the mother secured employment more than a year before the judge's order was entered, the judge found the dependency to be continuing and ordered the e/c to pay compensation. On appeal the Commission stated that the act "provides for death benefits to be paid to the parents of a deceased employee from the date of death to such time as dependency has terminated." With the advent of the deceased employee's mother securing employment, her status as a dependent terminated, and payments should have also terminated. The Commission reversed the judge's order with instructions to award death benefits only from the date of death to the date of employment.
We believe the above considerations outweigh any need for administrative convenience requiring crystallizing claims as of a definite date. At this point we need only observe that the Act, by its nature, allows for modification of orders in other situations.
Accordingly, the order of the deputy is AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHAW, J., concur.
NOTES
[1] The deputy found that decedent's death did not arise out of and in the course of his employment with the City of Coral Gables. This finding was not appealed and the city's motion to be dismissed as a party has been granted by unpublished order of this court.
[2] When this section appeared in Florida's first Workmen's Compensation Act, it read as follows:

To the parents, 25 per centum to each. Such compensation shall be paid during the continuance of dependency. S. 16(c)(5) Ch. 17481, Laws of Fla. (1935).