Mr. Gregory V. Beauchamp Levy County Attorney Post Office Box 306 Bronson, Florida 32621
Dear Mr. Beauchamp:
This is in response to your request for an opinion on substantially the following question:
 WHAT CONSTITUTES A "FARM OUTBUILDING" UNDER s. 489.103(7), F.S., FOR PURPOSES OF EXEMPTING THE OWNERS OF SUCH BUILDINGS FROM THE LICENSING AND REGULATORY REQUIREMENTS OF PART I, CH. 489, F.S., WHEN BUILDING OR MAKING CERTAIN IMPROVEMENTS THEREON?
This question is submitted on behalf of the Board of County Commissioners of Levy County. The Construction Industry Licensing Board has joined in your request.
Part I of Ch. 489, F.S., provides the state licensing and regulatory requirements for the construction and home improvement industries. Section 489.103, F.S., sets forth exemptions from the requirements of Part I for certain entities and individuals. Subsection (7) of s. 489.103, states in pertinent part that the state licensing and regulatory requirements shall not apply to:
 Owners of property building or improving farm outbuildings or one-family or two-family residences on such property for the occupancy or use of such owners and not offered for sale, or building or improving commercial buildings at a cost of under $25,000 on such property for the occupancy or use of such owners and not offered for sale or lease. In an action brought under this act, proof of the sale or lease, or offering for sale or lease, of more than one such structure by the owner-builder within 1 year after completion of same is presumptive evidence that the construction was undertaken for purposes of sale or lease.
Cf., AGO 84-41 concluding that the exemption of certain property owners from the operation of and licensing requirements of Part I of Ch. 489, F.S., contained in s. 489.103(7), F.S., is an exemption from the contractor certification and registration requirements of Part I of Ch. 489, F.S., only, and does not exempt such persons from local competency examination requirements.
The phrase "farm outbuildings" is not defined in Part I, Ch. 489, F.S. However, it is the rule that words of common usage, when used in a statute, should be construed in their plain and ordinary sense. Pedersen v. Green, 105 So.2d 1, 4 (Fla. 1958). And see, State v. Tunnicliffe, 124 So. 279, 281 (Fla. 1929); Gasson v. Gay,49 So.2d 525, 526 (Fla. 1950); State v. Egan, 287 So.2d 1, 4
(Fla. 1973), for the proposition that words in common use in a statute are to be construed in their plain and ordinary signification, unless used in their technical sense. An "outbuilding" is variously defined as: "a building (as a stable or a woodshed) separate from but accessory to a main house," Webster's New Collegiate Dictionary 814 (1975); "a detached building subordinate to a main building," Random House Dictionary of the English Language 1021 (Unabridged ed. 1967); "[s]omething used in connection with a main building . . . [a] small building appurtenant to a main building, and generally separated from it; an outhouse," Black's Law Dictionary 1254 (Revised 4th ed. 1968). An outhouse or outbuilding is defined in 67 C.J.S. Outbuilding at p. 915 as follows:
 An outbuilding or outhouse must be appurtenant and appertain to the main building, and although distinct from the main building, it must be subservient to it and contribute to the habitation and it must belong to, or be intended to be used with, the dwelling house. It is the subserviency of a structure to the mansion house that gives it the denomination of an outhouse, and not the fact that it is included within the same fence or within the curtilage or homestead. . . . In the final analysis it is the character of the building and the use which is made of it which determine whether it is an outbuilding.
A farm, in its usual and ordinary signification is: "a tract of land, usually with a house, barn, etc., on which crops and often livestock are raised for livelihood"; "land or water devoted to the raising of animals, fish, etc.," The Random House Dictionary of the English Language 516 (Unabridged ed. 1967); "[a] body of land under one ownership, devoted to agriculture, either to raising crops, or pasture, or both," Black's Law Dictionary 734 (Revised 4th ed. 1968). The term is further defined to mean "a tract of land devoted to agricultural purposes, . . . a tract of land devoted to agriculture, stock raising, or some allied industry; . . . one or more tracts of land devoted to agricultural purposes including the production of crops and the raising of domestic and other animals; . . . a tract of land under one control or forming a single property devoted to agriculture, stock raising, dairy produce, or some allied industry; a tract of ground cultivated or designed for cultivation by a farmer." 35 C.J.S. Farm pp. 948-949. In a popular sense the term is applied to land used for any of a variety of purposes and it is generally recognized that the term includes land and buildings, the real estate devoted to agricultural purposes, raising of cattle, dairying, and the like. 35 C.J.S. Farm pp. 949-950.
Based upon the foregoing definitions, a "farm outbuilding" would appear to be a building which is separate, subservient to and used in connection with a main house or building located on land devoted generally to agricultural purposes. Section 489.103(7), F.S., however, distinguishes between "farm outbuildings" and "commercial buildings." Pursuant to the statute "[o]wners of property building or improving farm outbuilding" are exempt from the state licensing and regulatory requirements while only those commercial buildings being built or improved at a cost under $25,000 are exempt from such licensing and regulatory requirements. Statutory language is not to be assumed to be superfluous; a statute must be construed so as to give meaning to all the words and phrases contained within the statute. See, Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A.Fla., 1982). And see, Pinellas County v. Woolley, 189 So.2d 217 (2 D.C.A.Fla., 1966). Thus, it appears that the Legislature did not intend a farm outbuilding and a commercial building to be synonymous or for a farm outbuilding to include a commercial structure within the scope of s. 489.103(7), F.S.
Any determination of whether a particular structure comes within the scope of the statute as a "farm outbuilding" will require resolution of a mixed question of law and fact which is the ultimate prerogative of the judiciary. This office cannot resolve mixed questions of law and fact and cannot anticipate in any particular case whether a court would find a structure to be a "farm outbuilding." As stated earlier herein, "[i]n the final analysis it is the character of the building and the use which is made of it which determine whether it is an `outbuilding'." 67 C.J.S. Outbuilding, supra.
In sum, it is my opinion that a "farm outbuilding" for purposes of s. 489.103(7), F.S., exempting owners of property who are building or improving farm outbuildings from the licensing and regulatory requirements of Part I, Ch. 489, F.S., is a building separate, subservient and used in connection with a main house or building located on land devoted generally to agricultural purposes and does not include commercial buildings.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General