Ms. Joann G. Slay County Attorney Gadsden County Post Office Drawer 391 16 East Washington Street Quincy, Florida 32351
Dear Ms. Slay:
This is in response to your request, in your capacity as county attorney for Gadsden County, for an opinion on substantially the following questions:
 (1) SHOULD THE ADDITIONAL $4.00 AUTHORIZED BY CH. 85-225, LAWS OF FLORIDA, WHICH AMENDED ss. 318.18, 34.191 and 316.660, F.S., BE LEVIED ON ALL NONCRIMINAL TRAFFIC INFRACTIONS, OR ONLY INFRACTIONS FROM A MUNICIPALITY WHICH PRESENTLY HAS A SCHOOL CROSSING GUARD PROGRAM?
 (2) IF THIS ADDITIONAL PENALTY IS TO BE IMPOSED ON ALL NONCRIMINAL TRAFFIC INFRACTIONS OCCURRING IN GADSDEN COUNTY, SHOULD THOSE PENALTIES BE PRORATED AMONG THOSE MUNICIPALITIES IN THE COUNTY WHICH DO HAVE A SCHOOL CROSSING GUARD PROGRAM BASED UPON THE NUMBER OF GUARDS EMPLOYED BY EACH MUNICIPALITY?
QUESTION ONE
For the following reasons, it is my opinion that the additional penalty of up to $4.00, once approved by the county commission, should be levied on all noncriminal traffic infractions. Section318.18, F.S., "Amount of civil penalties" describes penalties required for a noncriminal disposition pursuant to s. 318.14(1), (2) and (4), that statute dealing with noncriminal traffic infractions. Section 318.18(8), as amended by the 1985 Legislature[1], provides:
 In addition to any civil penalties imposed by this section, the clerk of the court is authorized, upon approval of the board of county commissioners of the county, to assess an additional penalty of up to $4 per violation for the purpose of funding a county or municipal school crossing guard program. (e.s.)
The plain language of s. 318.18 ("penalties required") and subsection (8)'s authorization of assessment of additional penalties per violation, with no limitation expressed, indicates that this additional penalty should be levied on all noncriminal traffic infractions for which penalties are assessed pursuant to s. 318.18, and not just on infractions occurring within certain municipalities.
QUESTION TWO
For the following reasons, it is my opinion that the additional penalties assessed pursuant to s. 318.18(8), F.S., should be paid to those local governmental entities in Gadsden County which administer school guard programs.
Section 318.18(8) expressly states that the purpose of that subsection's additional assessment is "funding a county or municipal school crossing guard program." (e.s.) Section 318.21
provides for distribution and payment of such civil penalties by stating that
 [a]ll civil penalties and forfeitures received by a county court pursuant to the provisions of this chapter shall be distributed and paid monthly to the municipalities and counties, respectively, in the same manner, upon the same bases, and upon the same terms and conditions that fines and forfeitures are distributed and paid to municipalities and counties under the provisions of s. 316.660.
Section 316.660(1), F.S., provides that except as otherwise provided therein, fines received from violations of ordinances or misdemeanors committed within a county, or of municipal ordinances committed within a municipality within the territorial jurisdiction of the county court, shall be paid monthly to that county or municipality respectively. However, s. 316.660(4), F.S., as amended by s. 3, Ch. 85-255, Laws of Florida, expressly provides:
 The additional penalties collected pursuant to s. 318.18(8) shall be paid monthly, in accordance with s. 318.21, to the local governmental entity administering a school crossing guard program. (e.s.)
See also, s. 34.191(5) (containing identical language and enacted, as noted above, by the same session law). Section 1.01(1), F.S., allows construction of the word "entity" to include the plural "entities," such that the s. 318.18(8) penalty monies shall be paid to the several local governmental entities administering a school crossing guard program.
Thus, ss. 316.660(4) and 34.191(5) expressly provide that s.318.18(8) monies are to be paid to the local governmental entity administering a school crossing guard program and as the later and more specific statutes, should be regarded as controlling. See, e.g., State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965); AGO 85-28. The direction in s. 318.21 to pay those monies in accordance with s. 316.660 must be read in light of the subsequent and specific language of subsection (4) of s. 316.660. Moreover, a construction of s. 316.660(4) that disregards the words "administering a school crossing guard program" would reduce that phrase to mere surplusage. Words in a statute should not be construed as surplusage if a reasonable construction of that language as it was enacted is possible. E.g., Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A. Fla., 1982).
However, nothing in Ch. 85-255 addresses the additional problem of how to divide these penalty monies among the qualifying local governmental entities. In the absence of any legislative or judicial direction on this issue, I am unable to definitively state what the apportionment formula should be, or whether it should be based on factors such as school population rather than number of guards employed.
In summary, until legislatively or judicially determined otherwise, it is my opinion that:
 (1) the additional penalty of up to four dollars authorized by s. 318.18(8) for the purpose of funding a county or municipal school crossing guard program, should be levied on all noncriminal traffic infractions, and not just on infractions occurring within certain municipalities.
 (2) the monies derived from the additional penalties assessed pursuant to s. 318.18(8) should be paid to those local governmental entities within a county [county and/or municipalities] which administer school crossing guard programs. However, this office cannot state what the formula for apportionment of such monies among the qualifying local governmental entities should be.
Sincerely,
Jim Smith Attorney General
Prepared by:
Anne Curtis Terry Assistant Attorney General
[1] See note 1 to s. 318.18, F.S. Section 318.18, F.S., as published, incorporates amendments from s. 25, Ch. 85-167; s. 3, Ch. 85-250; s. 2, Ch. 85-255; s. 6, Ch. 85-309; and s. 4, Ch. 85-337. Section 25, Ch. 85-167, added a new subsection (7) to s.318.18, as did s. 2 of Ch. 85-255. The revisor renumbered s.318.18(7) created by s. 2 of Ch. 85-255 as s. 318.18(8). Since new subsections 34.191(5) and 316.660(4) were also contained in Ch. 85-255, the Legislature intended these subsections to apply to the subsection (7) that was renumbered by the Statutory Revision Division as subsection (8).