Mr. Tom Gardner Executive Director Department of Natural Resources Marjory Stoneman Douglas Building 3900 Commonwealth Boulevard Tallahassee, Florida 32399
Dear Mr. Gardner:
You have asked substantially the following question:
Is a water management district, created pursuant to Ch. 373, F.S., considered a "state agency" under the provisions of s.253.025(8)(e), F.S.?
In sum:
Water management districts created pursuant to Ch. 373, F.S., are not "state agencies" under s. 253.025(8)(e), F.S.
You state that the Department of Natural Resources (department) is currently negotiating for the purchase of a parcel of land in conjunction with a county and the Southwest Florida Water Management District (SWFWMD). The owner of the property wishes to sell the property for more than the appraised value. This raises the issue of what contributions may be made by each potential buyer under the provisions of s. 253.025(8)(e), F.S.
Section 253.025(8)(e)2., F.S., provides:
In the case of a joint acquisition by a state agency and a local government or other entity apart from the state, the joint purchase price may not exceed 150 percent of the value for a parcel as determined by a single appraisal, the average of two appraisals if two are obtained, or the average of the two closest appraisals if more than two are obtained. The state agency share of a joint purchase offer may not exceed what the agency may offer singly as prescribed by this paragraph.
Thus, s. 253.025(8)(e)2., F.S., allows a state agency and a local government or other entity apart from the state to jointly acquire property for a purchase price up to 150 percent of the property's appraised value. However, the state agency may not contribute more than what it could singly offer for the property, which is generally limited to the appraised value.[1] Specifically, the status of the SWFWMD as a "state agency" is questioned. After contacting the SWFWMD, this office was informed that the district is no longer a party to these particular negotiations, leaving the department and Marion County to jointly acquire the property. Clearly, therefore, the joint acquisition by the department and Marion County would fall within the provisions of s.253.025(8)(e)2., F.S., allowing the purchase price to exceed the appraisal amount.
In light of the potential for this question to arise in the future and the SWFWMD's desire to have the issue addressed, this office will comment upon the status of a water management district as a "state agency" under s. 253.025(8)(e)2., F.S.
This office has previously considered the distinctions between a state office or agency and a district. In AGO 84-21, it was concluded that state offices or agencies are component parts of the state which jurisdiction extends to every part of the state, while districts are defined portions or subdivisions of the state for special and limited governmental purposes. Furthermore, it was found that, unless legislatively declared to be or designated as an agency of the state or county, a district is not an agency of the state or county government.[2]
In AGO 86-51 it was determined that the Government in the Sunshine Law, s. 286.011, F.S., was applicable to a land selection committee appointed by a water management district, since the water management district constituted an agency or authority of a political subdivision and had delegated its decision-making authority to the committee.
This office concluded in AGO 86-55 that s. 5(a), Art. II, State Const.,[3] does not prohibit a member of the governing board of a subdistrict of a water management district from simultaneously holding office as a municipal mayor, since the governing board member is a "district officer" and is not covered by the terms of the constitutional prohibition against dual officeholding.
In none of the foregoing opinions has this office concluded that a water management district is a state agency; rather, water management districts would more accurately be characterized as districts, special districts or political subdivisions.[4]
I would note that in s. 373.026, F.S., the Department of Environ-mental Regulation is authorized to "enter into interagency or interlocal agreements with any other state agency, any water management district, or any local government conducting programs related to or materially affecting the water resources of the state." The Legislature's distinction of these entities appears to support finding a distinction between a state agency and a water management district.[5]
Based upon the preceding discussion, it is my opinion that water management districts, created pursuant to Ch. 373, F.S., as districts within the definition of "political subdivisions" of this state, are not state agencies within the purview of s.253.025(8)(e), F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 253.025(8)(e)1., F.S., provides that "[n]o offer by a state agency may exceed the value for that parcel as determined pursuant to the highest appraisal obtained or the value determined pursuant to the rules of the board of trustees, whichever value is less," except under specified circumstances.
[2] Cf., "special district" defined in ss. 165.031(5),200.001(8)(c), (d) and (e), and 218.31(5), F.S.
[3] Section 5(a), Art. II, State Const., prohibits persons from holding at the same time more than one office under the government of the state and the counties and municipalities therein.
[4] See also, AGO 78-113, in which this office determined that a water control district was within the scope of s. 768.28, F.S., for purposes of sovereign immunity, because the district came within the definition of "state agencies or subdivisions" in s.768.28(2), F.S. The opinion implicitly concluded that the district was a political subdivision of the state and, therefore, not a state agency, in light of the definition of "political subdivision" in s. 1.01(8), F.S., which includes "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts, and all other districts in this state." (e.s.) Section 768.28(2), F.S., provides:
As used in this act, "state agencies or subdivisions" include the executive departments, the Legislature, the judicial branch (including public defenders), and the independent establishments of the state; counties and municipalities; and corporations primarily acting as instrumentalities or agencies of the state, counties, or municipalities, including the Spaceport Florida Authority.
[5] Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A. Fla., 1982) (statutory language is not to be assumed to be superfluous; statute must be construed so as to give meaning to all words and phrases contained therein); Johnson v. Feder, 485 So.2d 409 (Fla. 1986) (not to be presumed that a statute contains useless language); and Dickinson v. Davis, 224 So.2d 262 (Fla. 1969) (never presumed that Legislature intended to enact purposeless or useless legislation).