The Honorable Ronald A. Silver Chairman, Committee on Criminal Justice Florida House of Representatives 18 House Office Building Tallahassee, Florida 32399-1300
Dear Representative Silver:
You ask substantially the following question:
Does s. 119.07(3)(z), F.S. (1990 Supp.), exempt police reports and other records which are generated, as opposed to received by, a public agency?
In sum, I am of the opinion:
Section 119.07(3)(z), F.S. (1990 Supp.), does not exempt police reports and other records which are generated by a public agency.
Section 4, Ch. 90-211, Laws of Florida, added paragraph (aa) to s.119.07(3), F.S. Renumbered as s. 119.07(3)(z), it provides:
Any document which reveals the identity, home or employment telephone number, home or employment address, or personal assets of the victim of a crime and identifies that person as the victim of a crime, which document is received by any agency that regularly receives information from or concerning the victims of crime, is exempt from the provisions of subsection (1). Any state or federal agency which is authorized to have access to such documents by any provision of law shall be granted such access in the furtherance of such agency's statutory duties, notwithstanding the provisions of this section. This exemption is subject to the Open Government Sunset Review Act in accordance with s. 119.14.
Section 119.07(3)(z), F.S. (1990 Supp.), became effective October 1, 1990.[1]
You state that it was the intent of drafters of the amendment to exempt only those documents which are received by an agency that regularly receives information about crime victims, such as the Bureau of Crimes Compensation and Victim Witness Services, and not to exempt those documents generated by law enforcement agencies. However, in light of the apparent uncertainty that exists with respect to the scope of this exemption, you state that it is necessary to determine whether amendatory language may be desirable.
It is a basic principle of statutory construction that a statute should be construed so as to ascertain and give effect to the intent of the Legislature as expressed in the statute.[2] However, the intent of the Legislature is to be determined primarily from the language of the statute.[3] Thus, in determining the legislative intent, a court will look to the plain language of the statute.[4]
Section 119.07(3)(z), F.S. (1990 Supp.), provides that any document revealing certain victim information which is received by an agency that regularly receives information from or concerning crime victims is exempt from s. 119.07(1), F.S.[5] "Agency" is defined for purposes of Ch. 119, F.S.[6] The term "regularly," however, is not defined within the statute or chapter.
Where not defined by statute, words of common usage when used in a statute should be construed in their plain and ordinary sense.[7]
The term "regularly" has been defined as suggesting a practice; it implies uniformity, continuity, consistency and method. The term excludes isolated, unusual, occasional or casual transactions or use.[8]
A law enforcement agency, as an agency whose primary responsibility is the prevention and detection of crime and the enforcement of the penal, criminal, traffic or highway laws of this state, routinely receives information concerning victims of crime in carrying out its duties. A law enforcement agency, therefore, would appear to qualify as an "agency that regularly receives information from or concerning the victims of crime." I find nothing in the plain language of s. 119.07(3)(z), F.S. (1990 Supp.), which limits the exemption contained therein to documents received by agencies such as the Bureau of Crimes Compensation and Victim Witness Services.
The exemption contained in s. 119.07(3)(z), F.S. (1990 Supp.), however, only applies to documents received by such agencies, not agency generated documents. The distinction between records received and records made by an agency is recognized elsewhere in Ch. 119, F.S. Section 119.011(1), in defining the term "Public records" for purposes of Ch. 119, F.S., refers to "all documents . . . made or received pursuant to law or ordinance or in connection with the transaction of official business by any agency." Had the term "made" and the term "received" been considered synonymous by the Legislature, there would have been no need to use both terms.[9]
Moreover, s. 119.07(3)(z), F.S. (1990 Supp.), does not refer to information received by the agency but to the document received by the agency which contains certain victim information.[10] It is, therefore, the document which is exempt from the provisions of s.119.07(1), F.S.
Therefore, I am of the opinion that s. 119.07(3)(z), F.S. (1990 Supp.), exempts documents which reveal the identity, home or employment address or telephone number, or personal assets of a crime victim when such document is received by an agency which regularly receives information from or concerning crime victims. The exemption, however, applies only to the document which the agency receives and does not include agency generated documents, such as police reports.
Such an interpretation would appear to be consistent with the provisions of Ch. 90-280, Laws of Florida, also enacted during the 1990 Legislative Session.[11] Section 1 of Ch. 90-280 creates s.119.105, F.S., to provide:
Police reports are public records except as otherwise made exempt or confidential by general or special law. Every person is allowed to examine nonexempt or nonconfidential police reports. No person who inspects or copies police reports for the purpose of obtaining the names and addresses of the victims of crimes or accidents shall use any information contained therein for any commercial solicitation of the victims or relatives of the victims of the reported crimes or accidents. Nothing herein shall prohibit the publication of such information by any news media or the use of such information for any other data collection or analysis purposes.
Section 119.105, F.S. (1990 Supp.), thus recognizes that police reports are public records and prohibits the use of information relating to a crime victim's name and address obtained in such records for commercial solicitation of the crime victims or their relatives.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] See, s. 19, Ch. 90-211, Laws of Florida, providing that except as otherwise provided therein, the act shall take effect October 1, 1990.
[2] See, e.g., City of Tampa v. Thatcher Glass Corporation,445 So.2d 578 (Fla. 1984).
[3] See, St. Petersburg Bank Trust Co. v. Hamm, 414 So.2d 1071
(Fla. 1982); S.R.G. Corporation v. Department of Revenue,365 So.2d 687 (Fla. 1978).
[4] Thayer v. State, 335 So.2d 815 (Fla. 1976).
[5] See, s. 119.07(1), F.S., which provides in part that every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. The statute further provides for the furnishing of copies of such records upon payment of the fees for duplication as set forth therein.
[6] See, s. 119.011(2), F.S., defining "Agency" for purposes of Ch. 119, F.S., to mean "any state, county, district, authority, or municipal officer, department, division, board, bureau, commission, or other separate unit of government created or established by law and any other public or private agency, person, partnership, corporation, or business entity acting on behalf of any public agency."
[7] See, e.g., Citizens of State v. Public Service Commission,425 So.2d 534 (Fla. 1982); Southeastern Fisheries Association, Inc. v. Department of Natural Resources, 453 So.2d 1351 (Fla. 1984) (where statute does not specifically define words of common usage, such words must be given their plain and ordinary meaning).
[8] See, 76 C.J.S. Regularly pp. 609-610; and see, Black's Law Dictionary Regularly p. 1451 (4th rev. ed. 1968); Webster's Third New International Dictionary Regular p. 1913 (unabridged ed. 1981) (a steady occurrence; recurring).
[9] See, Terrinoni v. Westward Ho!, 418 So.2d 1143 (1 D.C.A. Fla., 1982) (statutory language is not to be assumed to be superfluous; statute must be construed to give meaning to all words and phrases contained within the statute); City of Pompano Beach v. Capalbo,455 So.2d 468 (4 D.C.A. Fla., 1984).
[10] See generally, Black's Law Dictionary Document p. 568 (4th rev. ed. 1968) (an instrument on which is recorded, by means of letters, figures, or marks, matter which may be evidentially used; in this sense the term applies to writings); Webster's Third New International Dictionary Document p. 666 (unabridged ed. 1981) (an original or official paper relied on as the basis, proof, or support of something).
[11] See, State ex rel. School Board of Martin County v. Department of Education, 317 So.2d 68 (Fla. 1975) (it is to be presumed that different statutes on the same subject passed at the same session of the Legislature are imbued by the same spirit and they should be construed in light of each other); Markham v. Blount, 175 So.2d 526 (Fla. 1965).