Mr. John M. Milledge Attorney, Children's Services Council of Broward County Republic Tower-15th Floor 110 Southeast 6th Street Fort Lauderdale, Florida 33301
Dear Mr. Milledge:
On behalf of the Children's Services Council of Broward County, you ask substantially the following question:
Does section 163.387(2)(c)2., Florida Statutes, exempt the special district governed by the Children's Services Council of Broward County from paying increment revenue funds to any community redevelopment agency within its district?
Part III, Chapter 163, Florida Statutes, the "Community Redevelopment Act of 1969," provides a means for counties and municipalities to eliminate and prevent the development or spread of slums and urban blight, to encourage needed community rehabilitation, and to provide for redevelopment of slums and blighted areas.[1] Section 163.356(1), Florida Statutes, provides that a county or municipality, upon finding a need for an agency to carry out the purposes set forth in the act, may create a body corporate and politic to be known as a "community redevelopment agency."[2]
Section 163.387, Florida Statutes, establishes a redevelopment trust fund for each community redevelopment agency created pursuant to section163.356, Florida Statutes, and provides for its annual funding. Pursuant to subsection (1) of the statute, no community redevelopment agency may receive or spend any increment revenues unless and until the governing body has, by ordinance, provided for the funding of the redevelopment trust fund for the duration of the community redevelopment plan. Such ordinance may be adopted only after the governing body has approved the community redevelopment plan.
Section 163.387(2)(a), Florida Statutes, provides:
 "Except for the purpose of funding the trust fund pursuant to subsection (3), upon the adoption of an ordinance providing for the funding of the redevelopment trust fund as provided in this section, each taxing authority shall, by January 1 of each year, appropriate to the trust fund for so long as any indebtedness pledging increment revenues to the payment thereof is outstanding (but not to exceed 30 years) a sum that is no less than the increment as defined and determined in subsection (1) accruing to such taxing authority. If the community redevelopment plan is amended or modified pursuant to s. 163.361(1), each taxing authority shall make the annual appropriation for a period not to exceed 30 years after the date the governing body amends the plan. However, for any agency created on or after July 1, 2002, each taxing authority shall make the annual appropriation for a period not to exceed 40 years after the fiscal year in which the initial community redevelopment plan is approved or adopted." (e.s.)
The term "taxing authority" is defined in section 163.340(2), Florida Statutes, for purposes of Part III, Chapter 163, Florida Statutes, to include special districts.[3] According to your letter, the Children's Services Council of Broward County was created by the Legislature as the governing body of an independent special district to serve the needs of children in Broward County.[4] As a special district with the authority to levy ad valorem taxes, the Children's Services Council of Broward County would appear to fall within the definition of "taxing authority" for purposes of the Community Redevelopment Act.[5]
Section 163.387(2)(c), Florida Statutes, however, expressly exempts several entities from the act's incremental contribution requirements. In addition, section 163.387(2)(d), Florida Statutes, authorizes the local governing body that creates a community redevelopment agency to exempt special districts that levy ad valorem taxes within the community redevelopment area from the requirement of contributing to the redevelopment trust fund. The local governing body may grant such an exemption in its sole discretion or in response to the request of the special district.[6]
You refer to section 163.387(2)(c)2., Florida Statutes, which provides an exemption for:
 "A special district for which the sole available source of revenue the district has the authority to levy is ad valorem taxes at the time an ordinance is adopted under this section. However, revenues or aid that may be dispensed or appropriated to a district as defined in s. 388.011 at the discretion of an entity other than such district shall not be deemed available."
The above subsection was amended in 2002. Prior to its amendment, the statute had limited the exemption to districts created prior to July 1, 1993.[7]
Where the Legislature has designated the manner in which a thing is to be done, it is in effect a prohibition against its being done in any other way.[8] Moreover, when a statute enumerates exceptions to its operation, no others may be implied to be intended.[9] The language in section 163.387(2)(c)2., Florida Statutes, requires the special district's sole source of revenue be from ad valorem taxes and that the district have the authority to impose such taxes at the time the ordinance establishing the funding for the redevelopment trust fund is adopted. It is a basic rule of statutory construction that words in a statute should not be regarded as surplusage; rather a statute is to be construed to give meaning to all words and phrases contained within that statute.[10] Thus, while section 163.387(2)(c)2., Florida Statutes, no longer limits the exemption to special districts created prior to July 1, 1993, it does require that not only the district's sole source of revenue be ad valorem taxes but that the district's authority to levy such ad valorem taxes exist at the time the ordinance establishing the funding for the redevelopment trust fund was adopted.
The Children's Services Council of Broward County, whose sole source of revenue is the ad valorem taxes levied by the council, would appear to satisfy the first prong of the two-prong test established by section163.387(2)(c)2., Florida Statutes. This office, however, has insufficient information regarding the several community redevelopment agencies operating within the council's boundaries to determine whether the second prong of the test has been met for each redevelopment agency, i.e.,
whether the council, which was created effective January 2, 2001, possessed such authority at the time the ordinances establishing the redevelopment trust funds were adopted.
I am therefore of the opinion that section 163.387(2)(c)2., Florida Statutes, does not exempt the Children's Services Council of Broward County from paying increment revenue funds to any community redevelopment agency. Rather the statute only provides an exemption from payment to those community redevelopment agencies within the district for which the ordinance creating the redevelopment trust fund was adopted on or after January 2, 2001. The exemption does not apply to those community redevelopment agencies within the district that adopted ordinances creating redevelopment trust funds prior to the council's creation, although the council may request the local governing body that created the community development agency to exempt the council from payment pursuant to section 163.387(2)(d), Florida Statutes.
Sincerely,
Charlie Crist Attorney General
[1] Section 163.355, Fla. Stat.
[2] And see, s. 163.355, Fla. Stat., setting forth the requirements for the finding of necessity.
[3] See, s. 163.340(2), Fla. Stat. (taxing authority means "the state or any county, municipality, authority, special district as defined in s. 165.031(5), or other public body of the state, except a school district"). Section 165.031(5), Fla. Stat., defines "Special district" as
 "a local unit of special government, as defined in s. 189.403(1). This term includes dependent special districts, as defined in s. 189.403(2), and independent special districts, as defined in s. 189.403(3). All provisions of s. 200.001(8)(d) and (e) shall be considered provisions of this chapter."
[4] See, s. 2, Ch. 00-461, Laws of Florida, which created the district, effective January 2, 2001.
[5] See, s. 6, Ch. 00-461, Laws of Florida, authorizing the council to levy ad valorem taxes annually on all taxable property "in an amount not to exceed one half mill," provided the authority to levy such taxes have been approved by district voters.
[6] Section 163.387(2)(d), Fla. Stat. The statute sets forth certain procedures that must be followed in considering a request to be exempted.
[7] See, s. 163.387(2)(c), Fla. Stat. 1999; and see, s. 8, Ch. 02-18 and s. 8, Ch. 02-294, Laws of Florida, amending the statute.
[8] See, Alsop v. Pierce, 19 So.2d 799, 805-806 (Fla. 1944) (where the Legislature prescribes the mode, that mode must be observed).
[9] See, Dobbs v. Sea Isle Hotel, 56 So.2d 341, 342 (Fla. 1952) (where a statute sets forth exceptions, no others may be implied).
[10] See, e.g., Terrinoni v. Westward Ho!, 418 So.2d 1143, 1144 (Fla. 1st DCA 1982); Pinellas County v. Woolley, 189 So.2d 217 (Fla.2d DCA 1966); Ops. Att'y Gen. Fla. 95-27 (1995); 91-16 (1991) (operative language in a statute may not be regarded as surplusage); 91-11 (1991) (statute must be construed so as to give meaning to all words and phrases contained within that statute).