Dear Mr. Garganese:
You ask substantially the following questions:
(1) Are city firefighters or police officers who have entered the city's deferred retirement option plan or who have actually retired eligible to serve on their respective pension board as one of the two fulltime firefighter or police officer appointees pursuant to section 175.061 or section 185.05, Florida Statutes?
(2) If a police officer is no longer entitled to serve on the pension board as one of the two police officer appointees pursuant to section 185.06, Florida Statutes, how is the vacancy to be filled?
Question One
According to your letter, the City of Cocoa Beach has separate retirement plans for its firefighters and its police officers adopted pursuant to Chapters 175 and 185, Florida Statutes, respectively. Each plan offers a deferred retirement option plan (DROP). Section 175.061(1)(a), Florida Statutes, provides for the membership of the board of trustees of the firefighters' pension plan, stating in pertinent part:
 "The membership . . . shall consist of five members, two of whom . . . shall be legal residents of the municipality . . . who shall be appointed by the governing body of the municipality . . . and two of whom shall be full-time firefighters as defined in s. 175.032 who shall be elected by a majority of the active firefighters who are members of such plan. . . . The fifth member shall be chosen by a majority of the previous four members as provided for herein, and such person's name shall be submitted to the governing body of the municipality or special fire control district. . . ." (e.s.)
Similar provisions are contained in section 185.05(1)(a), Florida Statutes, regarding membership on the board of trustees of the police officers' pension plan.[1]
You state that a member of the firefighters' pension board, appointed as the firefighters' representative, recently entered into DROP. A question has been raised as to his eligibility to serve as the firefighter appointee on the pension board since a firefighter who has entered DROP is considered to be retired for purposes of the pension plan.[2] Since the provisions in Chapter 185, Florida Statutes, are similar to those in Chapter 175, Florida Statutes, you also ask about a police officer who has entered DROP serving as the police officers' appointee.[3] Your inquiry is limited to the firefighters' or police officers' appointees on their respective pension boards; it does not concern the service of a DROP or retired firefighter or police officer to fill seats on the board as legal residents of the city or as the fifth member appointed by the other board members.
In providing for the appointments by the firefighters to the pension board, section 175.061(1)(a), Florida Statutes, states that the two members "shall be full-time firefighters as defined in s. 175.032." Section 175.032(8)(a), Florida Statutes, defines "Firefighter" to mean
 "any person employed solely by a constituted fire department of any municipality or special fire control district who is certified as a firefighter as a condition of employment in accordance with the provisions of s. 633.35 and whose duty it is to extinguish fires, to protect life, or to protect property. However, for purposes of this chapter only, "firefighter" also includes public safety officers who are responsible for performing both police and fire services, who are certified as police officers or firefighters, and who are certified by their employers to the Chief Financial Officer as participating in this chapter prior to October 1, 1979. Effective October 1, 1979, public safety officers who have not been certified as participating in this chapter shall be considered police officers for retirement purposes and shall be eligible to participate in chapter 185. Any plan may provide that the fire chief shall have an option to participate, or not, in that plan."[4] (e.s.)
A firefighter who has entered the DROP program, while considered retired for purposes of pension fund benefits, is still employed by the fire department. Section 175.032(5), Florida Statutes, in defining the Deferred Retirement Option Plan, states that it is a local law plan retirement option in which a firefighter may elect to participate whereby "[a] firefighter may retire for all purposes of the plan and defer receipt of retirement benefits into a DROP account while continuing employment with his or heremployer." (e.s.)
Thus, a firefighter who has entered the DROP program but meets the definition of "Firefighter" in section 175.032(8)(a), Florida Statutes, is qualified to serve as the firefighters' representative on the pension board. A firefighter, however, who had actually retired and was no longer employed by the city's fire department would not meet the definition in section175.032(8)(a), Florida Statutes, and thus would not qualify for appointment to the firefighters' pension board as one of the two firefighters' representatives.
With respect to the police officers' pension board, section185.05(1)(a), Florida Statutes, provides that the two police officers' appointees on the police pension board "shall be police officers as defined in s. 185.02." Section 185.02(11), Florida Statutes, defines "Police officer" as
"any person who is elected, appointed, or employed full time by any municipality, who is certified or required to be certified as a law enforcement officer in compliance with s. 943.1395, who is vested with authority to bear arms and make arrests, and whose primary responsibility is the prevention and detection of crime or the enforcement of the penal, criminal, traffic, or highway laws of the state. This definition includes all certified supervisory and command personnel whose duties include, in whole or in part, the supervision, training, guidance, and management responsibilities of full-time law enforcement officers, part-time law enforcement officers, or auxiliary law enforcement officers, but does not include part-time law enforcement officers or auxiliary law enforcement officers as the same are defined in s.943.10(6) and (8), respectively. For the purposes of this chapter only, "police officer" also shall include a public safety officer who is responsible for performing both police and fire services. Any plan may provide that the police chief shall have an option to participate, or not, in that plan."
As with section 175.032(5), Florida Statutes, section 185.02(6), Florida Statutes, defines DROP as a local law plan retirement option whereby the "police officer may retire for all purposes of the plan and defer receipt of retirement benefits into a DROP account while continuing employment with his or her employer." A police officer who has entered DROP is still considered to be employed by the city. Such an officer who meets the requirements of section 185.02(11), Florida Statutes, is therefore qualified to serve as the police officers' representative on the police officers' pension board pursuant to section 185.05, Florida Statutes.[5]
Accordingly, I am of the opinion that a firefighter who has entered DROP but satisfies the definition of "Firefighter" in section 175.032(8)(a), Florida Statutes, is qualified to serve as the firefighters' representative on the firefighters' pension board pursuant to section 175.061(1)(a), Florida Statutes. Similarly, a police officer who has entered DROP but satisfies the definition of "Police officer" in section 185.02(11), Florida Statutes, is qualified to serve as the police officers' representative on the police officers' pension board pursuant to section 185.05, Florida Statutes. However, a firefighter or police officer who is no longer employed fulltime by the city as a firefighter or police officer would not meet the definition in section 175.032(8)(a), or section 185.02, Florida Statutes, respectively, and thus would not qualify for appointment as one of the firefighters' or police officers' representatives.
Question Two
Section 185.05(1)(a), Florida Statutes, provides in pertinent part that
"The membership of the board of trustees for chapter plans shall consist of five members . . . two of whom shall be police officers as defined in s. 185.02 who shall be elected by a majority of the active police officers who are members of such plan. . . . Each police officer member shall serve as trustee for a period of 2 years, unless he or she sooner leaves the employment of the municipality as a police officer, whereupon the legislative body of the municipality shall choose a successor in the same manner as an original appointment. . . ."
You question the interpretation of the above statute, which provides that the legislative body of the municipality shall choose a successor in the same manner as an original appointment since the original appointment of the police officer representatives is by election of a majority of the active police officers who are members of the plan. You therefore ask whether the successor to the unexpired two-year term of one of the two fulltime police officer appointees is chosen by the legislative body of the city and, if so, whether the legislative body has any discretion in appointing the officer or must merely accept the officer selected by a majority of the active police officers who are members of the plan.
The language in question was adopted in 1986.[6]
Previously, the statute had provided that the pension board consisted of, among others, "two regularly employed policemen of the municipality to be chosen by the legislative body of the municipality upon recommendation of a majority of the regularly employed policemen of the municipality[.]" In the event of a vacancy in the police officers' representative, such vacancy was to be filled by "the legislative body of the municipality upon recommendation of a majority of the regularly employed policemen thereof[.]"
It is a fundamental rule of statutory construction that a statute is to be read in such a manner so as to give effect to the intent of the Legislature.[7] While a review of the legislative history of Chapter 86-42, Laws of Florida, fails to reveal any specific reference to the filling of vacancies of the police officers' representatives on the pension board, the discussion relating to Chapter 86-42 indicates that this act and Chapter 86-41, Laws of Florida, relating to firefighters' pension plans were substantially identical.[8] Section 175.061(1)(a), Florida Statutes, in providing for the appointment of a successor representative for the firefighters, states that a successor shall be chosen in the same manner as an original appointment,i.e., elected by a majority of the active firefighters who are members of such plan. It does not refer to the legislative body.
While the language regarding the legislative body of the municipality may have been a drafting error, this office has no authority to remove or add language to a statute or to assume that statutory language is mere surplusage. Rather this office must seek to construe the statute to give meaning to all words and phrases contained within the statute.[9]
The statute states that the legislative body of the municipality shall choose the successor to fill the vacancy but also provides that the successor shall be selected in the same manner as the original appointment. In order to give effect to each provision and until legislatively or judicially clarified, I am of the view that while the legislative body of the city may appoint the successor to fill the vacancy in the police officers' representative on the pension board, such action is ministerial with the selection of the successor being made by a majority of the active police officers who are members of the pension plan. The Legislature, however, may wish to clarify its intent on this issue.
Sincerely,
 Charlie Crist Attorney General
CC/tjw
[1] See s. 185.05(1)(a), Fla. Stat., which provides in pertinent part that the board of trustees
"shall consist of five members, two of whom, unless otherwise prohibited by law, shall be legal residents of the municipality, who shall be appointed by the legislative body of the municipality, and two of whom shall be police officers as defined in s. 185.02 who shall be elected by a majority of the active police officers who are members of such plan. . . . The fifth member shall be chosen by a majority of the previous four members, and such person's name shall be submitted to the legislative body of the municipality. . . ."
[2] See s. 175.032(14) and (15), Fla. Stat., which respectively provide:
 "(14) "Retiree" or "retired firefighter" means a firefighter who has entered retirement status. For the purposes of a plan that includes a Deferred Retirement Option Plan (DROP), a firefighter who enters the DROP shall be considered a retiree for all purposes of the plan. However, a firefighter who enters the DROP and who is otherwise eligible to participate shall not thereby be precluded from participating, or continuing to participate, in a supplemental plan in existence on, or created after, the effective date of this act.
 (15) "Retirement" means a firefighter's separation from city or fire district employment as a firefighter with immediate eligibility for receipt of benefits under the plan. For purposes of a plan that includes a Deferred Retirement Option Plan (DROP), "retirement" means the date a firefighter enters the DROP."
[3] See s. 185.02(13) and (14), Fla. Stat., providing:
 "(13) "Retiree" or "retired police officer" means a police officer who has entered retirement status. For the purposes of a plan that includes a Deferred Retirement Option Plan (DROP), a police officer who enters the DROP shall be considered a retiree for all purposes of the plan. However, a police officer who enters the DROP and who is otherwise eligible to participate shall not thereby be precluded from participating, or continuing to participate, in a supplemental plan in existence on, or created after, the effective date of this act.
 (14) "Retirement" means a police officer's separation from city employment as a police officer with immediate eligibility for receipt of benefits under the plan. For purposes of a plan that includes a Deferred Retirement Option Plan (DROP), "retirement" means the date a police officer enters the DROP."
[4] And see s. 175.032(8)(b), Fla. Stat., defining "Volunteer firefighter." See also s. 633.35, Fla. Stat., providing for the Division of State Fire Marshal of the Department of Financial Services to establish a program for firefighter training and certification.
[5] Section 943.1395, Fla. Stat., provides for the Criminal Justice Standards and Training Commission to certify persons for employment or appointment as law enforcement officers.
[6] See s. 4, Ch. 86-42, Laws of Fla.
[7] See, e.g., State v. Webb, 398 So. 2d 820 (Fla. 1981) (legislative intent is the polestar by which the courts must be guided); Op. Att'y Gen. Fla. 94-37 (1994) (paramount rule of statutory construction is to ascertain the intent of the Legislature).
[8] See, e.g., Statement by sponsor of bills 207 and 208, Senator Jenne, Senate Floor Debate, May 1, 1986, on SB 207, Tape 1 of 3:
 "This bill (SB 207) and the next bill (SB 208) which is identical except one involves the police and one involves the fire[fighters]. What we're trying to do with this legislation is guarantee that the employees who have the most vital stake in their particular future on these pension bills [sic] will be able to have full participation. . . ."
Statement of sponsor on SB 208:
 "Senators, rather than, if anyone wants me to go through the same explanation I would be pleased to but this bill (SB 208) is the same bill except for police officers, the previous one was for firefighters and the previous discussion that we had would be applicable to this except substituting the firefighters and police officers. . . ."
And see Senate Committee on Personnel, Retirement and Collective Bargaining, dated March 4, 1986, Tape 1 of 1, discussing SB 207 and 208 in which sponsor presented both bills together because "frankly they're almost identical, one is for firefighters, the other for police officers."
[9] Terrinoni v. Westward Ho!, 418 So. 2d 1143 (Fla. 1st DCA 1982); Unruh v. State, 669 So. 2d 242 (Fla. 1996) (as a fundamental rule of statutory interpretation, courts should avoid readings that would render part of a statute meaningless); Ops. Att'y Gen. Fla. 95-27 (1995), 91-16 (1991) (operative language in a statute may not be regarded as surplusage); 91-11 (1991) (statute must be construed so as to give meaning to all words and phrases contained within that statute).